[Civ. No. 12134. Second Appellate District, Division Two.—September 26, 1939.]

JESSIE GAPIN, Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Leonard Husar and Louis A. Babior, Deputies City Attorney, for Appellant.

Jack Greenberg and C. S. Mauk for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover damages for personal injuries defendant appeals.

These are the conceded facts:

January 8, 1937, plaintiff, desiring to cross from the north to the south side of Twelfth Street in defendant city, stepped from the curb onto what appeared to be a dry spot but which actually was muddy, slimy, and dirty beneath the surface. As a result she slipped, fell, and received personal injuries. No evidence was introduced at the trial that plaintiff had filed a claim with the clerk or secretary of the legislative body of defendant as required by section 1, Act 5149, Statutes of 1931 (vol. II, Deering's Gen. Laws of California (1931) 2562).

At the close of plaintiff's case defendant made a motion for a nonsuit, which did not specify among its grounds the failure of plaintiff to prove that she had filed a claim for damages as provided in section 1, Act 5149, *supra*. This motion was denied and thereafter the trial court entered a judgment in favor of plaintiff and made among others the following finding:

## "III.

"That it is true that thereafter within 90 days from January 8, 1938, the plaintiff complied with the requirements of the Charter of the City of Los Angeles and Act number 5149 of the Acts of the Legislature of the State of California."

These are the questions presented for determination:

■ *First*: *Was there substantial evidence to sustain the trial court's finding No. III set forth supra?*

*Second*: *By failing to specify as one of the grounds in its motion for a nonsuit the failure of plaintiff to introduce evidence to show compliance with section 1 of Act 5149, supra, did defendant waive its right to urge on appeal the insufficiency of the evidence to sustain the court's finding No. III set forth supra?*

The first question must be answered in the negative, as plaintiff concedes the absence of any proof in the record to show compliance with the provisions of section 1, Act 5149, *supra*.

■ The second question must likewise be answered in the negative. The judgment in the instant case was on the merits and not as the result of the granting of a motion for a nonsuit. It is not a prerequisite to the urging on appeal insufficiency of the evidence to sustain a material finding of the trial court that there be a motion for a nonsuit specifying the insufficiency of the evidence on a material issue as a ground therefor, and, if a motion for a nonsuit is made which does not include the insufficiency of the evidence on a material issue as one of the grounds of the motion, its denial does not preclude the aggrieved party from urging before an appellate court the total failure of evidence to sustain a material finding of the trial court.

■ Hence, since it was an essential part of plaintiff's cause of action to allege and prove compliance with the requirements of section 1, Act 5149, *supra*, and there was no evidence to sustain the trial court's finding No. III upon this subject, judgment should have been in favor of defendant. (*Winter* v. *City of Niagara Falls*, 100 N. Y. 198 [82 N. E. 1101, 1102, 123 Am. St. Rep. 540, 13 Ann. Cas. 486] ; *Cooper* v. *County of Butte*, 17 Cal. App. (2d) 43, 49, 50 [61 Pac. (2d) 516] ; *Douglass* v. *City of Los Angeles*, 5 Cal. (2d) 123, 128 [53 Pac. (2d) 353].)

For the foregoing reasons the judgment is reversed.

Wood, Acting P. J., concurred.