[No. A075660. First Dist., Div. Four. Apr. 8, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
ALLEN LARRY BARRIGA, Defendant and Appellant.

**Counsel**

Phoebe Graubard, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

HANLON, J.—In this case, we must determine whether the trial court lacked jurisdiction to order a blood test for evidence of acquired immune deficiency syndrome (AIDS) pursuant to Penal Code[1] section 1202.1 after appellant commenced his state prison sentence. We conclude that the trial court did not lack jurisdiction because the trial court's failure to order the AIDS test rendered the sentence unauthorized and subject to correction at any time.

---

[1]All further statutory references are to the Penal Code.

### FACTUAL BACKGROUND

In May 1994, appellant pled guilty to one count of unlawful sexual intercourse with a person under the age of eighteen (§ 261.5). Pursuant to the negotiated disposition, imposition of sentence was suspended and appellant was placed on probation. Although the complaint included a notice that a conviction of section 261.5 would require appellant to submit to an AIDS test pursuant to section 1202.1, the trial court's sentencing order did not include the AIDS test. In July 1995, a petition to revoke probation was filed based on the allegation that appellant pled nolo contendere to attempted robbery in a case filed in Alameda County. On March 15, 1996, following a probation revocation hearing in which the trial court found that appellant violated probation by committing the new offense, appellant was sentenced to two years in state prison. The trial court again failed to order the AIDS test. On July 18, 1996, the Department of Corrections notified the trial court that it had omitted to include an order for an AIDS test pursuant to section 1202.1 in the abstract of judgment and requested that the court indicate whether appellant was to be tested. On August 27, 1996, over defense counsel's objection, the trial court amended the abstract of judgment and ordered the AIDS test.

### DISCUSSION

The sole issue on appeal is whether the trial court was without jurisdiction to order the AIDS test because appellant had already commenced his state prison sentence.[2] Relying on *People* v. *Karaman* (1992) 4 Cal.4th 335 [14 Cal.Rptr.2d 801, 842 P.2d 100], appellant argues that the trial court lacked authority to increase his sentence by ordering the AIDS test after the original sentence was entered into the minutes.

Although *Karaman* holds that the trial court may not increase a "valid" sentence after its formal entry in the minutes, the *Karaman* court noted that the rule is not applicable when the court is required to impose a certain minimum term but imposes a lesser term instead. (*People* v. *Karaman, supra,* 4 Cal.4th at pp. 349-350 & fn. 349.) In that latter instance, ". . . the unauthorized sentence is considered invalid or 'unlawful' and may be increased even after execution of the sentence has begun." (*Id.* at p. 349, fn. 15.) The *Karaman* exception is applicable here. Pursuant to section 1202.1,

---

[2]The parties agree that the trial court did not act to recall the sentence within 120 days of appellant's commitment to state prison. Section 1170, subdivision (d) permits the trial court within 120 days of the date of a commitment to state prison to "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."

subdivision (a), the trial court was required to order that appellant submit to an AIDS test given his conviction of unlawful sexual intercourse. Section 1202.1, subdivision (a) provides in relevant part: "Notwithstanding Sections [1] 120975 and [2] 120990 of the Health and Safety Code, the court shall order every person who is convicted of . . . a sexual offense listed in subdivision (e), whether or not a sentence or fine is imposed or probation is granted, to submit to a blood test for evidence of antibodies to the probable causative agent of acquired immune deficiency syndrome (AIDS). . . ." The trial court has no discretion in the matter; the order for the AIDS blood test is mandatory. (§ 1201.1, subd. (a); *People* v. *McVickers* (1992) 4 Cal.4th 81, 83 [13 Cal.Rptr.2d 850, 840 P.2d 955].) The trial court's sentence omitting the order for an AIDS test was unauthorized and subject to correction at any time. (*People* v. *Karaman, supra,* 4 Cal.4th at pp. 349, fn. 15; see also *People* v. *Rowland* (1988) 206 Cal.App.3d 119, 127 [253 Cal.Rptr. 190] [failure to impose mandatory restitution fine resulted in an unauthorized sentence subject to correction by the trial court].) The trial court therefore properly amended the abstract of judgment to order the AIDS test.

The judgment is affirmed.

Anderson, P. J., and Reardon, J., concurred.