[No. C037215. Third Dist. June 5, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD PAUL MARCHAND, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I of the Discussion.

**COUNSEL**

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Carlos A. Martinez and Alison Elle Alemán, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RAYE, J.**—In *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348, 147 L.Ed.2d 435] (*Apprendi*), the United States Supreme Court held that under the Fourteenth Amendment to the United States Constitution, " 'any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.' " (*Apprendi, supra*, 530 U.S. at p. 476 [120 S.Ct. at p. 2355], quoting *Jones v. United States* (1999) 526 U.S. 227, 243, fn. 6 [119 S.Ct. 1215, 1224, 143 L.Ed.2d 311].) Under subdivision (a)(2)(E) of Penal Code section 290 (hereafter section 290(a)(2)(E)), the court may require a defendant convicted of any crime to register as a sex offender "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification." Section 290(a)(2)(E) does not demand that the court find the predicate fact was proved beyond a reasonable doubt, and thus it is subject to proof by a preponderance of the evidence. (See Evid. Code, § 115.)

In this case, following a court trial in which defendant was found guilty of stalking two young women, the court required defendant to register as a sex offender under section 290(a)(2)(E). On appeal, defendant contends that, by doing so, the trial court violated his due process rights under *Apprendi* because the court did not first find beyond a reasonable doubt that he stalked the young women "as a result of sexual compulsion or for sexual gratification." We conclude defendant waived this claim of error by failing to raise it in the trial court and, in any event, *Apprendi* does not apply here because requiring a defendant to register as a sex offender is not punishment or penalty for purposes of the due process clause of the Fourteenth Amendment. In the unpublished part of our opinion, we reject his other claim of error. Accordingly, we shall affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

For our purposes, the underlying facts are largely irrelevant. Suffice it to say that the evidence showed defendant stalked two young women, one in violation of a restraining order. Defendant was charged with two felony counts of stalking (Pen. Code, § 646.9, subds. (a) & (b)) and seven misdemeanor counts of disobeying a court order (Pen. Code, § 273.6). After defendant waived his right to a jury trial, the matter was tried to the court, which found him guilty of both felony counts and six of the seven misdemeanor counts.

At the sentencing hearing, after asking the court to impose 10-year restraining orders, the prosecutor requested that the court also require defendant to register as a sex offender:

"[THE PROSECUTOR]: And also asking for registration as a sex offender which is another provision that's provided.

"THE COURT: I understand that's optional.

"[THE PROSECUTOR]: Optional. Totally discretionary with the Court, but I believe it's appropriate here. Even though there was no direct sexual contact, the Court heard the letters, and through the letters, in fact, there were dozens and dozens of letters written during the pendency of this case and before where there was very, very sexually suggestive wording. There were, in fact, pornographic suggestions. There was [sic] suggestions of graphic sex.

"And what I'm afraid of now in looking at this most recent letter now, the letters that were taken from his cell, the language seems to be getting even more graphic. The sexual connotations even more graphic."

The prosecutor went on to argue "it's appropriate in this case to have [defendant] register as a sex offender based on the age of the victims in this case, as well as the sexual content of his letters directed toward those victims, Your Honor."

Defense counsel objected to imposition of the registration requirement, arguing that "the [Penal Code section] 290 registration requirement is something that is in place for extremely serious sex offenders" and that defendant's conduct did not "rise[] to the level where he would have to register for the rest of his life . . . ." Defense counsel also stated his belief that requiring sex offender registration was not "necessary in this case" to deter future misconduct by defendant. Noting defendant's objection, the court nonetheless imposed the sex offender registration requirement as part of defendant's sentence.

## DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . .

### II

Defendant contends that the trial court violated his rights under the due process clause of the Fourteenth Amendment to the United States Constitution by requiring him to register as a sex offender under section 290(a)(2)(E) because the trial court "did not find beyond a reasonable doubt the truth of the facts which triggered the registration requirement." Defendant asserts that under *Apprendi* the facts necessary to require sex offender registration— that defendant committed the offenses "as a result of sexual compulsion or for purposes of sexual gratification"—had to be pleaded and proved beyond a reasonable doubt because "registration is punishment for purpose[s] of the due process analysis in [*Apprendi*]." The People, on the other hand, contend "the trial court's imposition of the registration requirement does not expose [defendant] to greater punishment in violation of the *Apprendi* rule" because "the registration of sexual offenders pursuant to section 290, subdivision (a)(2)(E), does not constitute punishment."

 Defendant did not argue in the trial court that requiring him to register as a sex offender violated his due process rights because the predicate fact was not alleged in the information and was not found by the court to have been proven beyond a reasonable doubt. Thus, we are first confronted with the question of whether defendant waived this claim of error.

 The lack of a timely and meaningful objection in the trial court generally waives a claim of sentencing error. (*People v. Scott* (1994) 9 Cal.4th 331, 351 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) In addition, it is generally true that "constitutional objections must be interposed before the trial judge in order to preserve such contentions for appeal." (*People v. Rudd* (1998) 63 Cal.App.4th 620, 628 [73 Cal.Rptr.2d 807].) Even a claim that the defendant's due process right to notice was violated may be waived by the failure to assert the claim in the trial court. (See *People v. Toro* (1989) 47 Cal.3d 966, 975-976 [254 Cal.Rptr. 811, 766 P.2d 577].) The purpose of the waiver doctrine is to encourage a defendant to bring any errors to the trial court's attention so the court may correct or avoid the errors and provide the defendant with a fair trial. (*People v. Simon* (2001) 25 Cal.4th 1082, 1103 [108 Cal.Rptr.2d 385, 25 P.3d 598].)

*See footnote, *ante*, page 1056.

Here, defendant never raised any claim before the trial court that requiring him to register as a sex offender under section 290(a)(2)(E) violated his right to due process because the predicate fact was not alleged in the information or found to have been proven beyond a reasonable doubt. Had defendant raised this issue in the trial court, the court could have endeavored to correct the alleged errors. For example, if defendant had objected to imposition of the registration requirement on the ground the predicate fact was not alleged in the information, the court could have sought to cure any prejudice from the lack of notice by granting a new trial so defendant could offer evidence on the predicate fact, or by granting a continuance of the sentencing hearing to allow defendant time to address the issue of whether the evidence at trial already had proved the predicate fact beyond a reasonable doubt. Similarly, if defendant had objected that the court needed to find that the predicate fact had been proven beyond a reasonable doubt, the court could have made such a finding on the record. By failing to raise these issues in the trial court, defendant deprived the court of the opportunity to provide him with the due process safeguards he now contends he was denied. Accordingly, we conclude defendant waived the constitutional claims he now seeks to pursue by failing to raise them in the trial court.

Having concluded defendant waived his constitutional claims, we nonetheless exercise our discretion to address those claims on the merits as they present important questions of constitutional law. (See *People v. Brown* (1996) 42 Cal.App.4th 461, 471 [49 Cal.Rptr.2d 652] [appellate court may examine constitutional issues raised for first time on appeal, especially when enforcement of penal statute is involved].) We conclude, however, that defendant's due process rights were not violated because sex offender registration is not punishment or penalty for purposes of the due process clause of the Fourteenth Amendment.

Under *Apprendi, supra*, 530 U.S. 466, the fact that defendant committed his crimes as a result of sexual compulsion or for purposes of sexual gratification had to be alleged in the information and proven beyond a reasonable doubt only if requiring defendant to register as a sex offender would increase the penalty for stalking beyond the prescribed statutory maximum. (See *id.* at p. 490 [120 S.Ct. at pp. 2362-2363].) If sex offender registration does not constitute punishment for purposes of the due process clause of the Fourteenth Amendment, then *Apprendi* does not apply and no due process violation occurred here.

Our Supreme Court recently addressed whether sex offender registration under Penal Code section 290 constituted punishment for purposes of the

constitutional prohibition against ex post facto laws. (*People v. Castellanos* (1999) 21 Cal.4th 785 [88 Cal.Rptr.2d 346, 982 P.2d 211] (*Castellanos*).) Although no single analysis commanded a majority of the court, a single result did: Six members of the court concluded sex offender registration does *not* constitute punishment for purposes of ex post facto analysis. (*Id.* at pp. 799-800 (lead opn. of George, C. J.); *id.* at p. 806 (conc. & dis. opn. of Kennard, J.).) The disagreement among the six justices centered on whether the multifactor test from *Kennedy v. Mendoza-Martinez* (1963) 372 U.S. 144 [83 S.Ct. 554, 9 L.Ed.2d 644] (*Mendoza-Martinez*) for determining whether a nominally civil penalty should be reclassified as criminal had to be applied in the ex post facto context. (*Castellanos, supra,* 21 Cal.4th at pp. 801-802 (conc. & dis. opn. of Kennard, J.).)

In the lead opinion, joined by Justices Baxter and Chin, Chief Justice George explained that while "the method of analyzing what constitutes punishment varies depending upon the context in which the question arises[,] . . . two factors appear important in each case: whether the Legislature intended the provision to constitute punishment and, if not, whether the provision is so punitive in nature or effect that it must be found to constitute punishment despite the Legislature's contrary intent." (*Castellanos, supra,* 21 Cal.4th at p. 795 (lead opn. of George, C. J.).) Chief Justice George went on to conclude: "The sex offender registration requirement serves an important and proper remedial purpose, and it does not appear that the Legislature intended the registration requirement to constitute punishment. Nor is the sex offender registration requirement so punitive in fact that it must be regarded as punishment, despite the Legislature's contrary intent. Although registration imposes a substantial burden on the convicted offender, this burden is no more onerous than necessary to achieve the purpose of the statute.[1] We conclude that the sex offender registration requirement imposed by section 290 does not constitute punishment for purposes of ex post facto analysis." (*Castellanos, supra,* 21 Cal.4th at p. 796 (lead opn. of George, C. J.).) In reaching this conclusion, Chief Justice George determined that the court need not decide whether the *Mendoza-Martinez* multifactor test applied in the ex post facto context because the two factors he had applied "are the crucial elements to be considered." (*Id.* at pp. 795-796, fn. 5.)

---

[1]In a footnote at this point, Chief Justice George stated: "It does not appear that defendant is subject to the public notification provisions of section 290, subdivisions (m) and (n), and section 290.4, and we express no opinion regarding the effect, if any, that application of those provisions would have upon our analysis." (*Castellanos, supra,* 21 Cal.4th at p. 796, fn. 6.) Likewise, it does not appear defendant here is subject to the public notification provisions of the sex offender registration statutes. Those provisions apply only to persons convicted of certain crimes, which do not include stalking in violation of Penal Code section 646.9. (See Pen. Code, §§ 290, subds. (m) & (n), 290.4, subd. (a)(1).) Thus, we need not address defendant's argument that sex offender registration constitutes punishment because it "obviously carries substantial societal stigma."

Justice Kennard, joined by Justices Werdegar and Brown, agreed that "the concept of punishment has a meaning that varies in the context of different constitutional provisions." (*Castellanos, supra,* 21 Cal.4th at p. 800 (conc. & dis. opn. of Kennard, J.).) Justice Kennard further agreed that the proper test to be applied in the ex post facto context "has two parts. The first question is whether the legislature intended the sanction to be civil or criminal. . . . [¶] If the legislature intended the sanction to be civil, then the second question is whether the sanction in purpose or effect is nonetheless so punitive that it can only be regarded as punishment." (*Id.* at p. 801.) Justice Kennard agreed with Chief Justice George on the answer to the first question: that the Legislature intended the sex offender registration requirement in Penal Code section 290 to be a civil sanction, despite the fact it is imposed in a criminal proceeding. (*Castellanos, supra,* 21 Cal.4th at pp. 802-803 (conc. & dis. opn. of Kennard, J.).) She further agreed on the answer to the second question: that sex offender registration is not so punitive it can only be regarded as punishment. (*Id.* at p. 803.) In reaching this latter conclusion, however, Justice Kennard departed from Chief Justice George's analysis because she determined "the *Mendoza-Martinez* factors are a central part of the second prong" of "the two-prong ex post facto punishment test." (*Id.* at p. 802.)

In *Mendoza-Martinez,* the United States Supreme Court confronted whether statutes automatically divesting an American of citizenship for leaving or remaining outside the United States at time of war and national emergency for the purpose of evading military service were unconstitutional in that those statutes imposed a criminal penalty without due process of law. (*Mendoza-Martinez, supra,* 372 U.S. at pp. 146, 163-164 [83 S.Ct. at pp. 556, 565].) In determining the sanction at issue was criminal rather than civil, the court identified various "tests traditionally applied to determine whether an Act of Congress is penal or regulatory in character," including "[w]hether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned." (*Mendoza-Martinez, supra,* 372 U.S. at pp. 168-169 [83 S.Ct. at pp. 567-568], fns. omitted.)

Justice Kennard determined that application of the *Mendoza-Martinez* "factors" to the sex offender registration requirement "supports the conclusion that registration is not punishment." (*Castellanos, supra,* 21 Cal.4th at p. 804 (conc. & dis. opn. of Kennard, J.).) As Justice Kennard explained:

"Registration, although burdensome, does not seem to involve an affirmative disability or restraint, for it does not prevent the registrant from doing anything he could otherwise do. Government registration, at least in the abstract and considered apart from the shaming function of public disclosure, has not historically been regarded as punishment. Registration does not solely promote retribution and deterrence, the traditional aims of punishment. There is an alternative purpose—police access to known sex offenders after a sex crime has been committed—to which the registration requirement may rationally be connected. Finally, the registration requirement does not appear excessive in relation to the alternative purpose. Two other factors weigh in the opposite direction—registration comes into play only on a finding of scienter, and the behavior to which it applies is already a crime—but these factors do not seem sufficient to turn registration into punishment." (*Id.* at pp. 804-805, fn. omitted.)

If the test for determining whether sex offender registration is punishment for purposes of the due process clause under *Apprendi* is the same as the test for determining whether registration is punishment for purposes of the constitutional prohibition against ex post facto laws, then we are bound by the result the majority reached in *Castellanos* regardless of the analytical disagreement between Chief Justice George and Justice Kennard in that case. Recognizing this, defendant argues *Castellanos* does not govern here. Defendant contends the *Castellanos* court "limited its holding to the ex-post-facto clause" and "did not purport to address any issues of due process, notice, proof beyond a reasonable doubt, and the right to a jury trial." This contention is of no assistance to defendant.

As noted above, Chief Justice George explained that while "the method of analyzing what constitutes punishment varies depending upon the context in which the question arises[,] . . . two factors appear important in *each case*: whether the Legislature intended the provision to constitute punishment and, if not, whether the provision is so punitive in nature or effect that it must be found to constitute punishment despite the Legislature's contrary intent." (*Castellanos, supra,* 21 Cal.4th at p. 795 (lead opn. of George, C. J.), italics added.) Defendant fails to explain why these two factors, which a majority of our Supreme Court found dispositive in the ex post facto context, are not similarly dispositive in determining whether registration constitutes punishment for purposes of the due process clause under *Apprendi*.

Defendant points out that in *In re Reed* (1983) 33 Cal.3d 914 [191 Cal.Rptr. 658, 663 P.2d 216], the court held the sex offender registration requirement was a form of punishment within the meaning of the prohibition

against cruel or unusual punishment in section 17 of article I of the California Constitution. However, even assuming its continued validity, the decision in *In re Reed* does not assist defendant.[2] ■ As Justice Kennard explained in her opinion in *Castellanos*, and as defendant acknowledges, "punishment has a different and broader meaning under the Eighth Amendment than it does for purposes of ex post facto, double jeopardy, and other constitutional provisions. . . . The definition of punishment under the Eighth Amendment is a broad one, and encompasses some sanctions whose purpose is both remedial as well as punitive and some that are imposed in civil proceedings." (*Castellanos, supra,* 21 Cal.4th at pp. 800-801 (conc. & dis. opn. of Kennard, J.).) Thus, even if sex offender registration may broadly be defined as "punishment" for purposes of the constitutional prohibitions against cruel or unusual punishment, it does not follow that sex offender registration is also "punishment" for purposes of the due process clause under *Apprendi.*

■ For the foregoing reasons, we conclude sex offender registration does not constitute punishment or penalty within the meaning of the United States Supreme Court's decision in *Apprendi* under the due process clause of the Fourteenth Amendment. Therefore, when the prosecution seeks to require registration under section 290(a)(2)(E), due process does not demand that the fact necessary to impose the registration requirement—that the defendant committed an offense "as a result of sexual compulsion or for purposes of sexual gratification"—be alleged in the information or proven beyond a reasonable doubt. Accordingly, defendant has failed to establish a violation of his constitutional rights.

DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Morrison, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 14, 2002.

---

[2] The Supreme Court recently granted review in a case involving the question of whether requiring sex offender registration for a misdemeanor conviction constitutes cruel or unusual punishment under the federal and state Constitutions. (*In re Alva* (2001) 89 Cal.App.4th 758 [107 Cal.Rptr.2d 562], review granted Sept. 19, 2001, S098928.)