[No. S107791. Dec. 1, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIE EARL BUTLER, Defendant and Appellant.

## Counsel

Bradley A. Bristow, under appointment by the Supreme Court, and Ann Hopkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Michael J. Weinberger, Ruth M. Saavedra, Patrick J. Whalen, Janet E. Neeley, Stephen G. Herndon and David Andrew Eldridge, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BROWN, J.**—Penal Code section 1202.1 provides that upon conviction of certain sex offenses against minors, a defendant shall be ordered "to submit to a blood . . . test for evidence of antibodies to the probable causative agent of acquired immune deficiency syndrome (AIDS)" "if the court finds that there is probable cause to believe that blood, semen, or any other bodily fluid capable of transmitting HIV [human immunodeficiency virus] has been transferred from the defendant to the victim: [¶] . . . [¶] For purposes of this paragraph, the court shall note its finding on the court docket and minute order if one is prepared." (Pen. Code, § 1202.1, subds. (a), (e)(6)(A), (B).) In the companion case of *People v. Stowell* (2003) 31 Cal.4th 1107 [6 Cal.Rptr.3d 723, 79 P.3d 1030], we conclude that, absent a timely objection, a defendant may not challenge such an order on appeal for lack of an express finding of probable cause or a notation of such finding in the docket. In this matter, we must determine whether a defendant also forfeits any challenge for insufficiency of the evidence to support a finding of probable cause if he has failed to make an appropriate objection in the trial court.

We conclude that since involuntary HIV testing is strictly limited by statute and Penal Code section 1202.1 conditions a testing order upon a finding of probable cause, a defendant may challenge the sufficiency of the evidence even in the absence of an objection. Without evidentiary support the order is invalid. We therefore affirm the judgment of the Court of Appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted defendant Willie Earl Butler of lewd and lascivious acts with a minor under the age of 14 (Pen. Code, § 288, subd. (a)), sexual battery (*id.*, § 243.4, subd. (d)), and attempted sexual penetration (*id.*, §§ 664, 289, subd. (i)). Only the first offense concerns us.

During a summer evening in June 2000, 13-year-old Cynthia B. was visiting her mother's friend, John Shoyer, when defendant arrived at the house. Cynthia went home, but later returned after her father left for work. On the way back to Shoyer's house, Cynthia saw defendant, and he accompanied her. When they arrived at Shoyer's, Cynthia began watching television while defendant and Shoyer talked.

At some point, defendant began to whisper in Cynthia's ear, but she was unable to understand what he said. He told her to follow him to the bathroom and she complied, thinking he was going to tell her something. Once in the bathroom, defendant began fondling her vagina through her clothing. Cynthia was frightened and told him to stop, but he persisted and began touching her breasts. Defendant asked her if he could "suck on her titties," and she replied no. He then stated he would not force her and left the bathroom.

When Cynthia returned to the living room, Shoyer asked her if defendant had touched her; and she said he had. After defendant left, Shoyer and Cynthia went to a neighbor's house and called the police.

Defendant testified in his own behalf and denied ever touching Cynthia.

The jury convicted defendant of lewd and lascivious acts, and the trial court sentenced him to the upper term of eight years in prison. The court also ordered that he submit to a blood test pursuant to Penal Code section 1202.1, subdivisions (a) and (e)(6)(A).

On appeal, defendant challenged the testing order as unlawful. The Attorney General contended the issue was forfeited "because it requires a factual determination and was not raised at trial." The Court of Appeal rejected the contention on the basis of both "[t]he failure of the court to make the required finding and the lack of any evidence on the record to support such a finding . . . ." Since "there is nothing in the record to suggest even a possibility that bodily fluids were transferred," it determined the order was "unauthorized." At the same time, however, the court noted "that in the absence of an objection at trial, the prosecutor had no notice that evidence would be needed to overcome a defense objection. Therefore, we strike the AIDS testing order but remand the matter to permit a further hearing on the issue if the prosecutor so requests."

## DISCUSSION

### I.

As we explained in *Stowell*, Penal Code section 1202.1 provides in relevant part that "[n]otwithstanding Sections 120975 and 120990 of the Health and Safety Code, the court shall order every person who is convicted of . . . a sexual offense listed in subdivision (e) . . . to submit to a blood . . . test for evidence of antibodies to the probable causative agent of acquired immune deficiency syndrome (AIDS) . . . ." (Pen. Code, § 1202.1, subd. (a).) Penal Code section 1202.1, subdivision (e)(6)(A)(iii), includes "[l]ewd or lascivious conduct with a child in violation of Section 288," but with the proviso that testing shall be ordered only "if the court finds that there is probable cause to believe that blood, semen, or any other bodily fluid capable of transmitting HIV has been transferred from the defendant to the victim: [¶] . . . [¶] For purposes of this paragraph, the court shall note its finding on the court docket and minute order if one is prepared." (Pen. Code, § 1202.1, subd. (e)(6)(A), (B).)[1]

In this case, as in *Stowell*, the trial court ordered HIV testing, but did not make an express finding of probable cause.[2] Nor did the court enter an appropriate notation in the docket or minute order. The Attorney General argues the failure to object to these omissions precludes appellate review. For the reasons discussed in *Stowell*, we agree that to the extent the Court of

---

[1] In 2002, the Legislature amended Penal Code section 1202.1, subdivision (e)(6), to expand the list of enumerated offenses. (See Stats. 2002, ch. 831, § 1.) It now provides:

"(e)(6)(A) Any of the following offenses if the court finds that there is probable cause to believe that blood, semen, or any other bodily fluid capable of transmitting HIV has been transferred from the defendant to the victim:

"(i) Sexual penetration in violation of Section 264.1, 266c, or 289.

"(ii) Aggravated sexual abuse of a child in violation of Section 269.

"(iii) Lewd or lascivious conduct with a child in violation of Section 288.

"(iv) Continuous sexual abuse of a child in violation of Section 288.5.

"(v) The attempt to commit any offense described in clauses (i) to (iv), inclusive.

"(B) For purposes of this paragraph, the court shall note its finding on the court docket and minute order if one is prepared."

Penal Code section 1202.1, subdivision (e) also includes:

"(1) Rape in violation of Section 261 or 264.1.

"(2) Unlawful intercourse with a person under 18 years of age in violation of Section 261.5 or 266c.

"(3) Rape of a spouse in violation of Section 262 or 264.1.

"(4) Sodomy in violation of Section 266c or 286.

"(5) Oral copulation in violation of Section 266c or 288a."

An HIV testing order pursuant to these provisions does not require a finding of probable cause.

[2] For convenience throughout the remainder of the discussion, we will use "probable cause" to denote "probable cause to believe that blood, semen, or any other bodily fluid capable of transmitting HIV has been transferred from the defendant to the victim."

Appeal vacated the testing order because the trial court failed "to make the required finding," it erred in considering defendant's claim that the order was unlawful. (See *People v. Stowell, supra,* 31 Cal.4th at pp. 1113–1115.)

The Court of Appeal premised its ruling on an additional ground, however: "the lack of any evidence on the record to support such a finding . . . ." This determination implicates more than a recitation of the trial court's probable cause finding or a notation of the finding in the docket or minutes. It raises a fundamental question of sufficiency of the evidence to sustain the order.[3] Accordingly, we must decide whether general rules of forfeiture discussed in *Stowell* apply in this distinct context. (Cf. *People v. Scott* (1994) 9 Cal.4th 331, 348 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

█ Notwithstanding the general statutory prohibition against involuntary HIV testing (see Health & Saf. Code, § 120990, subd. (a)), a testing order is authorized under Penal Code section 1202.1, subdivision (e)(6)(A) upon specified conditions: conviction of an enumerated offense and a finding of probable cause. Under the terms of the statute, these prerequisites are equivalent in that both together define the substantive authority of the court to make the order. "Generally, points not urged in the trial court cannot be raised on appeal. [Citation.] The contention that a judgment is not supported by substantial evidence, however, is an obvious exception." (*Tahoe National Bank v. Phillips* (1971) 4 Cal.3d 11, 23, fn. 17 [92 Cal.Rptr. 704, 480 P.2d 320].) This principle of appellate review is not limited to judgments,[4] and we conclude it should apply to a finding of probable cause pursuant to section 1202.1, subdivision (e)(6). Just as a defendant could appeal an HIV testing order, without prior objection, on the ground he had not been convicted of an enumerated offense (see, e.g., *People v. Green* (1996) 50 Cal.App.4th 1076, 1090 [58 Cal.Rptr.2d 259]; *People v. Jillie* (1992) 8 Cal.App.4th 960, 963 [11 Cal.Rptr.2d 107]), he should be able to do so on the ground the record does not establish the other prerequisite, probable cause. We perceive no basis for distinguishing between the two statutory predicates.

---

[3] We requested supplemental briefing asking the parties specifically to address this distinction. (See Cal. Rules of Court, rule 29.1(e).)

[4] See, e.g., *First Nat. Bank v. Maryland Cas. Co.* (1912) 162 Cal. 61, 72–73 [121 P. 321] (challenge to sufficiency of the evidence to support finding on which insurance liability was predicated is not forfeited by lack of objection); *In re Brian P.* (2002) 99 Cal.App.4th 616, 623 [121 Cal.Rptr.2d 326] (same, challenge to sufficiency of the evidence to support finding of adoptability); *In re Joy M.* (2002) 99 Cal.App.4th 11, 18 [120 Cal.Rptr.2d 714] (same, challenge to sufficiency of the evidence of mental health professional's qualifications in submitting evidence on which the trial court denied reunification services pursuant to Welf. & Inst. Code, § 361.5); *Robison v. Leigh* (1957) 153 Cal.App.2d 730, 733 [315 P.2d 42] (same, challenge to sufficiency of the evidence supporting findings on which judgment was predicated); *Gapin v. City of Los Angeles* (1939) 34 Cal.App.2d 660, 662 [94 P.2d 359] (same).

■ The fact that a testing order is in part based on factual findings does not undermine this conclusion. Probable cause is an objective legal standard—in this case, whether the facts known would lead a person of ordinary care and prudence to entertain an honest and strong belief that blood, semen, or any other bodily fluid capable of transmitting HIV has been transferred from the defendant to the victim. (Cf. *People v. Adair* (2003) 29 Cal.4th 895, 904 [129 Cal.Rptr.2d 799, 62 P.3d 45] [ reasonable cause to establish factual innocence]; *People v. Price* (1991) 1 Cal.4th 324, 410 [3 Cal.Rptr.2d 106, 821 P.2d 610] [reasonable or probable cause to arrest]; *People v. Rhinehart* (1973) 9 Cal.3d 139, 151 [107 Cal.Rptr. 34, 507 P.2d 642], disapproved on other grounds in *People v. Bolton* (1979) 23 Cal.3d 208, 213–214 [152 Cal.Rptr. 141, 589 P.2d 396] [reasonable cause to entertain suspicion of guilt].) ■ Under the substantial evidence rule, a reviewing court will defer to a trial court's factual findings to the extent they are supported in the record, but must exercise its independent judgment in applying the particular legal standard to the facts as found. (See, e.g., *Adair,* at pp. 905–906 [finding of factual innocence under Pen. Code, § 851.8]; *People v. Cromer* (2001) 24 Cal.4th 889, 893–894 [103 Cal.Rptr.2d 23, 15 P.3d 243] [finding of reasonable diligence under Evid. Code, § 240]; *People v. Lawler* (1973) 9 Cal.3d 156, 160 [107 Cal.Rptr. 13, 507 P.2d 621] [finding of reasonable search and seizure under Pen. Code, § 1538.5].)

■ As these principles of appellate review apply to Penal Code section 1202.1, if the trial court orders testing without articulating its reasons on the record, the appellate court will presume an implied finding of probable cause. (See *People v. Stowell, supra,* 31 Cal.4th 1107 [at pp. 1114–1115].) Nevertheless, because the terms of the statute condition imposition on the existence of probable cause, the appellate court can sustain the order only if it finds evidentiary support, which it can do simply from examining the record. Moreover, even if the prosecution *could have* established probable cause, in the absence of sufficient evidence *in the record,* the order is fatally compromised. (See *People v. Guardado* (1995) 40 Cal.App.4th 757, 765 [47 Cal.Rptr.2d 81].) Indeed, even in the case of an express finding of probable cause, the question—being one of law rather than fact—would be considered de novo on appeal. (Cf. *People v. Adair, supra,* 29 Cal.4th at pp. 908–909.)

This result is consistent with Court of Appeal decisions addressing sufficiency of the evidence for a Penal Code section 1202.1 order. In virtually every instance, the reviewing court either expressly declined to adopt a forfeiture rule (see *People v. Hall* (2002) 101 Cal.App.4th 1009, 1017 [124 Cal.Rptr.2d 806]) or assumed the question was viable despite the lack of objection. (See *People v. Caird* (1998) 63 Cal.App.4th 578, 590 [73 Cal.Rptr.2d 799]; *People v. Adames* (1997) 54 Cal.App.4th 198, 211–214 [62 Cal.Rptr.2d 631]; *People v. Green, supra,* 50 Cal.App.4th at p. 1089; *People v. Guardado, supra,* 40 Cal.App.4th at p. 763; see also *People v. Barriga* (1997)

54 Cal.App.4th 67, 69–70 [62 Cal.Rptr.2d 502] [postincarceration order, no objection to omission by the People at trial].) In *In re Khonsavanh S.* (1998) 67 Cal.App.4th 532 [79 Cal.Rptr.2d 80], the Court of Appeal acknowledged that *People v. Scott, supra,* 9 Cal.4th 331, might otherwise control but found that "under the peculiar circumstances here, we conclude waiver principles do not preclude appellate review." (*In re Khonsavanh S.,* at p. 537.) Paramount was the circumstance that " '[i]nvoluntary AIDS or human immunodeficiency virus (HIV) testing is strictly limited by statute. [Citations.]' [Citation.]" (*Ibid.*; see *Hall,* at p. 1018; *Guardado,* at p. 763.) This consensus reinforces the determination that questions of sufficiency of the evidence are not subject to forfeiture.[5]

█ Our conclusion also conforms Penal Code section 1202.1 to the terms of Health and Safety Code section 121055, which authorizes a preconviction HIV testing order when the defendant has been charged with an enumerated sexual offense and the victim petitions the court. (See *People v. Guardado, supra,* 40 Cal.App.4th at pp. 764–765.) Before issuing an order, the superior court must conduct a hearing on the petition and make a finding of probable cause. (Health & Saf. Code, § 121055.) Since such a finding is the sole predicate, a preconviction order lacking sufficient evidence of probable cause would plainly be unlawful and subject to appeal even without an objection.

█ We note further that applying a forfeiture rule in this circumstance would likely have the effect of converting an appellate issue into a habeas corpus claim of ineffective assistance of counsel for failure to preserve the question by timely objection. Although habeas corpus proceedings might provide the prosecution with the opportunity to come forward with additional evidence and thus negate prejudice, we would be loath to invoke a rule that would proliferate rather than reduce the nature and scope of legal proceedings. (Cf. *People v. Norwood* (1972) 26 Cal.App.3d 148, 153 [103 Cal.Rptr. 7].) After all, judicial economy is a principal rationale of the forfeiture doctrine. (See *People v. Smith, supra,* 24 Cal.4th at p. 852.)

The Attorney General argues that in any event the question is moot since it is likely defendant has been tested and the results disclosed to the victim, which will generally be the case in any appeal. █ Even assuming compliance with the trial court's directive, testing and disclosure are not the only consequence of a Penal Code section 1202.1 order. Under specified

---

[5] Our conclusion in this case is controlled not only by the specific terms of section 1202.1 but also by the general mandate that involuntary HIV testing is strictly limited by statute. For this reason, nothing in our analysis should be construed to undermine the forfeiture rule of *People v. Scott, supra,* 9 Cal.4th 331, that absent timely objection sentencing determinations are not reviewable on appeal, subject to the narrow exception articulated in *People v. Smith* (2001) 24 Cal.4th 849 [102 Cal.Rptr.2d 731, 14 P.3d 942].

circumstances, test results must also be disclosed to defense counsel and the prosecutor. (Pen. Code, § 1202.1, subd. (c).) If the defendant has tested positive for HIV, that fact may be used to enhance the punishment on commission of another sexual offense. (Pen. Code, § 12022.85.) It may also elevate prostitution to a felony. (Pen. Code, § 647f.) Without a valid order, enforcement of these additional provisions would be precluded. (See, e.g., Health & Saf. Code, §§ 120980, 121015, subd. (f), 121025.)

## II.

The question remains whether any remedy should be available when a defendant successfully challenges an HIV testing order for insufficiency of the evidence of probable cause. Penal Code section 1202.1 is part of a broader statutory scheme of health and safety legislation intended to combat the further spread of HIV infection and promote prompt medical treatment for those already infected. "The rapidly spreading AIDS epidemic poses an unprecedented major public health crisis in California, and threatens, in one way or another, the life and health of every Californian." (Health & Saf. Code, § 121250, subd. (a); see also *id.*, §§ 121200, 121050; *People v. Hall, supra,* 101 Cal.App.4th at pp. 1018–1019; *In re Khonsavanh S., supra,* 67 Cal.App.4th at p. 537.)

■ Given the significant public policy considerations at issue, we conclude it would be inappropriate simply to strike the testing order without remanding for further proceedings to determine whether the prosecution has additional evidence that may establish the requisite probable cause. As the Court of Appeal observed, "in the absence of an objection at trial, the prosecutor had no notice that such evidence would be needed to overcome a defense objection." (Cf. *People v. Green, supra,* 50 Cal.App.4th at p. 1091 [appropriate to remand where testing order was unlawful under Pen. Code, § 1202.1 but could have been made pursuant to Health & Saf. Code, § 121055].) Given the serious health consequences of HIV infection, it would be unfair to both the victim and the public to permit evasion of the legislative directive if evidence exists to support a testing order. ■ Accordingly, we concur in the Court of Appeal's determination that it is appropriate to remand the matter for further proceedings at the election of the prosecution. (Cf. *Boyle v. Hawkins* (1969) 71 Cal.2d 229, 232, fn. 3 [78 Cal.Rptr. 161, 455 P.2d 97] ["The ordinary disposition upon a finding by the appellate court that the evidence is insufficient to support the verdict is simply to reverse, giving the respondent a right to a new trial"].)

This remedy should not, however, be seen to encourage or condone inattention on the part of either the trial court or counsel at the time an HIV testing order is imposed. In this regard, we agree with the Court of Appeal in

*In re Khonsavanh S., supra,* 67 Cal.App.4th at page 537, which stressed "the importance of raising timely objections at . . . court hearings in order to reduce the number of unnecessary appellate claims. Moreover, ' "it is *unfair to the trial judge and to the adverse party* to take advantage of an error on appeal when it could easily have been corrected at the trial." [Citation.]' [Citation.]"

## DISPOSITION

The judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., Werdegar, J., Chin, J., and Moreno, J., concurred.

**BAXTER, J.,** Concurring.—The forfeiture rule for sentencing error is a judicially created doctrine invoked as a matter of policy to ensure the fair and orderly administration of justice. (*People v. Scott* (1994) 9 Cal.4th 331, 351 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) Today, the court has chosen not to prevent a defendant from challenging an HIV testing order imposed under Penal Code section 1202.1 for the first time on appeal where the defendant asserts that the order is unsupported by probable cause to believe that bodily fluids capable of transmitting HIV have been transferred from the defendant to the victim. At the same time, the majority cautions that "nothing in our analysis should be construed to undermine the forfeiture rule of *People v. Scott, supra,* 9 Cal.4th 331, that absent timely objection sentencing determinations are not reviewable on appeal, subject to the narrow exception articulated in *People v. Smith* (2001) 24 Cal.4th 849 [102 Cal.Rptr.2d 731, 14 P.3d 942]." (Maj. opn., *ante,* at p. 1128, fn. 5.) I join in both conclusions and write separately only to make explicit what is implicit in the majority opinion.

Thus, despite our ruling today, it remains the case that *other* sentencing determinations may not be challenged for the first time on appeal, even if the defendant claims that the resulting sentence is unsupported by the evidence. This includes claims that the record fails to demonstrate the defendant's ability to pay a fine (e.g., *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1072 [130 Cal.Rptr.2d 133]; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468–1469 [33 Cal.Rptr.2d 217]; *People v. McMahan* (1992) 3 Cal.App.4th 740, 750 [4 Cal.Rptr.2d 708]; see generally *People v. Scott, supra,* 9 Cal.4th at p. 352, fn. 15), that the record fails to support the imposition of the upper term or consecutive terms (e.g., *People v. De Soto* (1997) 54 Cal.App.4th 1, 8 [62 Cal.Rptr.2d 427]; see *People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1311 [28 Cal.Rptr.2d 172]; *Scott, supra,* 9 Cal.4th at p. 357, fn. 19), that the record fails to support the probation conditions imposed (e.g., *People v. Welch* (1993) 5 Cal.4th 228, 236 [19 Cal.Rptr.2d 520, 851 P.2d 802]; *In re*

*Abdirahman S.* (1997) 58 Cal.App.4th 963, 969–971 [68 Cal.Rptr.2d 402] [drug and alcohol testing condition]), and that the record fails to support the requirement that the defendant register as a sex offender (e.g., *People v. Marchand* (2002) 98 Cal.App.4th 1056, 1060–1061 [120 Cal.Rptr.2d 687]). All of these cases are consistent with *Scott*'s observation that "claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or *factually flawed* manner." (*Scott, supra,* 9 Cal.4th at p. 354, italics added.) A "narrow exception" to this general rule exists only for "obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings." (*People v. Smith, supra,* 24 Cal.4th at p. 852.)

Our decision today also confirms that, except for HIV testing ordered under Penal Code section 1202.1, we generally will not extend the rules governing challenges to the factual sufficiency of criminal convictions or civil judgments to challenges to the factual sufficiency of orders made at sentencing. As the Court of Appeal has explained, "[a] challenge to the sufficiency of evidence to support the imposition of a restitution fine to which defendant did not object is not akin to a challenge to the sufficiency of the evidence to support a conviction, to which defendant necessarily objected by entering a plea of not guilty and contesting the issue at trial." (*People v. Gibson, supra,* 27 Cal.App.4th at pp. 1468–1469.)

With this understanding, I join in the judgment.

Chin, J., concurred.