WERDEGAR, J., Concurring.
I concur in the court’s judgment affirming the judgment of the Court of Appeal. I write separately to state my view regarding the impact of the procedural forfeiture created by defendant’s failure to object at trial to the testimony of a prosecution expert on distinguishing possession of marijuana for sale from possession for personal use.
As the majority states, defendant contends the evidence at trial was insufficient to establish possession of marijuana for sale (Health & Saf. Code, § 11359) because the expert who opined on that subject at trial, one of the arresting officers, lacked training and experience distinguishing between lawful possession for medical use, which defendant advanced as a defense, and unlawful possession for purposes of sale. (Maj. opn., ante, at p. 1081.) I concur fully in the court’s rejection of this insufficient evidence claim. Despite defendant’s claim he possessed the marijuana only for his personal medical use, the trial record is replete with evidence of circumstances “not to be expected in connection with a patient lawfully using the drugs as medicine” (People v. Hunt (1971) 4 Cal.3d 231, 238 [93 Cal.Rptr. 197, 481 P.2d 205] (Hunt)), circumstances on which both the police officer testifying as a prosecution expert and the jury itself could reasonably rely for the conclusion the marijuana was possessed for sale.
I also agree that defendant, by failing to object at trial to admission of the officer’s opinion on possession for sale, has forfeited any claim the opinion was erroneously admitted. (Maj. opn., ante, at pp. 1087-1088.) Speculation on defense counsel’s possible tactical reasons for not objecting is beside the point. (See maj. opn., ante, at p. 1088.) Under Evidence Code section 353, subdivision (a), the lack of an objection precludes any claim of erroneous admission regardless of whether counsel was deliberately sandbagging, thought the objection futile, or was merely inattentive. Nor does it appear, as the majority suggests, that defendant’s failure to object eliminated any incentive for the prosecution to buttress the officer’s qualifications as an expert. (See maj. opn., ante, at p. 1088.) Informing the jury of the officer’s special expertise in medical marijuana use would have added force and weight to his opinion and would have greatly reduced the likelihood of an *1095 insufficient evidence claim under Hunt, supra, 4 Cal.3d 231. Defendant’s failure to object bars him from complaining on appeal about admission of the officer’s opinion, but it does not make him responsible for any weaknesses in the evidence the People chose to put on.
Nor can I agree with the majority that the absence of a trial objection precludes defendant from arguing the officer’s lack of expertise in medical marijuana rendered his opinion insufficient “as a matter of substantial evidence review.” (Maj. opn., ante, at p. 1089, italics added.) The majority acknowledges that while admissibility of an expert opinion is for the court to decide, the jury may still consider the expert’s qualifications in determining the weight to be given his or her opinion. (Maj. opn., ante, at p. 1089; see Seneris v. Haas (1955) 45 Cal.2d 811, 833 [291 P.2d 915] [“Where a witness has disclosed sufficient knowledge of the subject to entitle his opinion to go to the jury, the question of the degree of his knowledge goes more to the weight of the evidence than its admissibility.”]; accord, People v. Eubanks (2011) 53 Cal,4th 110, 140 [134 Cal.Rptr.3d 795, 266 P.3d 301].) The jury thus remains free, notwithstanding the trial court’s decision on admissibility, to decide that a prosecution expert’s relative lack of knowledge on a particular point reduces the probative force of his or her opinion below the level needed to prove a fact in issue beyond a reasonable doubt.
As the majority also acknowledges, a claim of insufficient evidence requires no trial objection for its preservation. (Maj. opn., ante, at p. 1089; see People v. Butler (2003) 31 Cal.4th 1119, 1126 [6 Cal.Rptr.3d 730, 79 P.3d 1036].) Substantial evidence to support a criminal verdict being evidence that is “reasonable, credible, and of solid value” (People v. Johnson (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738]), it follows that despite the absence of an objection to the testimony, an appellate court, reviewing the record for substantial evidence to support the verdict, may conclude a prosecution expert’s relative lack of knowledge on a particular point renders his or her opinion insufficiently solid to constitute substantial evidence of guilt, even when taken with the other evidence presented. That is precisely the conclusion this court reached in Hunt, supra, 4 Cal.3d at pages 237-238. Defendant, in challenging the sufficiency of the evidence to support his possession for sale conviction on the ground of the officer’s lack of specific expertise, simply urges us to follow Hunt and reach the same conclusion here.
Of course, that defendant’s contention is procedurally proper does not mean it succeeds on the merits. While the prosecution did not present evidence at trial of the officer’s special training and experience with medical marijuana use, the significant evidence of his expertise that was presented (see maj. opn., ante, at p. 1091), together with the circumstances of possession *1096 upon which his opinion was based (id., at p. 1091), gave the expert opinion here the substantial probative force we found lacking in Hunt. The majority therefore correctly rejects defendant’s claim of insufficient evidence on its merits.
Appellant’s petition for a rehearing was denied October 16, 2013.