Filed 3/20/15  P. v. Maher CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NATHANIEL JAMES MAHER,<br><br>    Defendant and Appellant. | D064640<br><br><br><br>(Super. Ct. Nos. SCD237302;<br>                    SCD239085) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

Nathaniel Maher was charged by information in case No. SCD237302 with assault with a deadly weapon with force likely to cause great bodily injury (Pen. Code, § 245,

subd. (a)(1),[1] count one), two counts of making a criminal threat (§ 422, counts two & three) and stalking (§ 646.9, subd. (a), count four).  The information alleged he personally used a knife in committing the offenses alleged in counts one (§ 1192.7, subd. (c)(23)) and two (§ 12022, subd. (b)(1)).  By a separate information, Maher was charged in case No. SCD239085 with two counts of vandalism with damage in excess of $400 (§ 594, subds. (a), (b)(1)).

A court ordered Maher be referred for a competency evaluation and the county staff physician found he was not competent to stand trial.  Maher was committed to a state hospital.  He was reevaluated approximately three months later and it was again determined he was not competent to stand trial.  However, in May 2013 Maher was found competent to stand trial.  Maher waived jury trial in case No. SCD237302 and the court found him guilty as charged.  That same day, Maher pleaded guilty to the charges in case No. SCD239085.  The court sentenced him to a total prison term of seven years four months.  Maher timely appealed.

On appeal, Maher asserts (1) the court erred when it sentenced him to prison on the stalking charge without considering the alternative procedures outlined in section 646.9, subdivision (m), and (2) the court erred when it terminated a proceeding at which the court was considering Maher's potential entry of a guilty plea.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

2

# I

## PROCEDURAL SETTING[2]

A. <u>The Change of Plea Hearing</u>

Prior to trial, a hearing was held on July 26, 2013, at which the court stated Maher had submitted a change of plea form for both cases. In response to the court's query, Maher affirmed he had read, understood and signed the plea forms. The plea agreement contemplated Maher would plead guilty to one count of making a criminal threat and one count of stalking in case No. SCD237302, would admit the weapons enhancement appended to the criminal threat charge, and would plead guilty to one count of vandalism in case No. SCD239085. In exchange he would receive a sentence totaling five years four months in prison.

After soliciting Maher's *Boykin*/*Tahl*[3] waivers and advising him of the consequences of his plea, the court engaged in the following colloquy:

> "[The Court]: In case ending 085, how do you plead to the charge in count one that on November 16, 2011, you violated . . . section 594(a)(b)(1), guilty or not guilty?
>
> "[Maher]: Is that the stalking?
>
> "[The Court]: No, this is the vandalism.
>
> "[Maher]: Guilty.

---

[2]  Because Maher raises only challenges to matters occurring before and after trial, and does not challenge matters occurring during trial, we do not discuss the facts of the crimes that formed the basis for the guilty verdict and guilty plea.

[3]  *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

"[The Court]: Now on the stalking case, which is case ending 302, how do you plead to the charge in count one that on October 26th-- I'm sorry, count two--that on October 27, 2011, you violated . . . section 422, guilty or not guilty?

"[Maher]: Not guilty--

"[The Court]: Let me do it again.  How do you plead to the charge in count two that on October 27, 2011, you violated . . . section 422, guilty or not guilty?

"[Maher]: Guilty.

"[The Court]: Do you admit that you personally used a deadly weapon in furtherance of that offense within the meaning of section 12022(b)(1)?

"[Maher]: Not guilty.

"[The Court]: Do you admit you personally used a weapon in the commission of the offense in count two within the meaning of 12022(b)(1)? Do you admit that? 'Yes' or 'no'?

"[Defense counsel]: Can I have a minute?

"[The Court]: Yeah."

After an off-the-record discussion, the court apparently tried to resume taking Maher's plea but, when Maher did not respond to the court's inquiry, the court abandoned that effort and confirmed the trial date.[4]

---

[4]    The record showed that, after defense counsel conferred with Maher, the following statements occurred: "[The Court]: So how do you plead to the charge--to the allegation that in connection with count two, . . . in the commission of that offense and the commission of the threat offense, . . . you personally used a knife within the meaning of section 12022(b)(1), guilty or not guilty?  [¶]  We will just confirm it.  We are just going to confirm it."

4

B. Trial and Sentencing

The following month, Maher waived jury trial in case No. SCD237302, and the matter was tried to the court. After hearing the evidence, including Maher's testimony, the court found him guilty of all charges and allegations. Maher then pleaded guilty to the charges of vandalism in case No. SCD239085, and both matters were set for sentencing.

At the sentencing hearing, the court stated it had read and considered the probation report, the sentencing recommendations of the prosecution and the defense, and a card from Maher's mother stating he had severe psychological problems and needed to be institutionalized. In denying probation, the court stated probation lacked the proper resources to deal with Maher's mental health issues. The court instead sentenced him to a total of seven years four months in prison.

II

ANALYSIS

A. The Court Did Not Abuse Its Discretion in Terminating the Plea Hearing

Maher asserts on appeal that the court abused its discretion by terminating the July 26, 2013, hearing at which it was evaluating his entry of a guilty plea. However, Maher did not object below to terminating the proceeding, and he did not later attempt to resurrect the plea agreement prior to trial. Under these circumstances, we must deem any claim of error from the court's decision to terminate the proceeding to be forfeited. (Cf. *People v. Marchand* (2002) 98 Cal.App.4th 1056, 1060.)

Indeed, Maher does not suggest on appeal how the court could have proceeded in any different fashion considering the circumstances presented to it during the July 26, 2013, hearing.[5]  Maher, after waffling when asked whether he pleaded guilty or not guilty to the charge in count one of an October 27, 2011, violation of section 422, expressly responded (when asked about his plea to the allegation of a deadly weapons enhancement to that charge) that he pleaded *not* guilty to that allegation.  When the court repeated the question about his plea to the deadly weapon enhancement allegation, defense counsel asked for and was granted time to confer with his client and, following that conference and the court's asking a third time about his plea to the deadly weapon enhancement allegation, Maher remained silent.  The court was within its discretion to terminate a proceeding at which it could not assure itself that Maher was prepared to enter a knowing, intelligent and voluntary guilty plea.  (Cf. *People v. Snyder* (1989) 208 Cal.App.3d 1141, 1146-1147.)

B. The Court Did Not Abuse Its Discretion in Sentencing Maher to Prison

Maher asserts the trial court abused its discretion when it sentenced him to prison because it did not state, on the record, that it had considered the alternative procedures outlined in section 646.9, subdivision (m).

---

[5]    It appears that Maher's actual argument on appeal is that it was an abuse of discretion to terminate the plea hearing *because* it later sentenced Maher to a term longer than he would have served had the plea been entered.  However, because Maher chose not to abide by the terms of the plea agreement, which required him to plead guilty to the weapons enhancement, he is not entitled to the lower term contemplated by that agreement.  (Cf. *People v. Collins* (1996) 45 Cal.App.4th 849, 862-864.)

When a person is convicted of stalking under section 646.9, that statute provides: "The court shall consider whether the defendant would benefit from treatment pursuant to Section 2684. If it is determined to be appropriate, the court shall recommend that the Department of Corrections and Rehabilitation make a certification as provided in Section 2684. Upon the certification, the defendant shall be evaluated and transferred to the appropriate hospital for treatment pursuant to Section 2684." (§ 646.9, subd. (m).) This court was informed at oral argument that Maher has been transferred from prison to an appropriate facility for treatment of his psychological conditions. This issue has therefore become moot. We nevertheless comment on his appellate argument.

Maher cites no authority that a court at sentencing must state, on the record, the reasons for rejecting the alternative procedures outlined in section 646.9, subdivision (m), and we therefore turn to the general rules governing sentencing decisions. First, because Maher did not object to the court's statement of reasons, he has forfeited any claim of error as to the alleged inadequacy of the statement of reasons. As our Supreme Court explained in *People v. Scott* (1994) 9 Cal.4th 331, 353, the waiver doctrine applies "to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices," including cases in which the court "failed to state any reasons or give a sufficient number of valid reasons." Because defense counsel had the opportunity to object to the court's sentencing choices at the sentencing hearing, we must conclude he has forfeited this issue by not raising it in the trial court. (*Ibid.*)

Maher appears to assert the waiver rule only applies when the court knew it had a discretionary sentencing choice to make, and the silent record here shows the trial court

7

did not know of the option of the alternative procedures outlined in section 646.9, subdivision (m).  However, on a silent record, a court is presumed to have known and followed the applicable law (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114), and that rule applies to sentencing choices.  (*People v. Fuhrman* (1997) 16 Cal.4th 930, 942-945.) In an analogous case, the court in *People v. Martinez* (1998) 65 Cal.App.4th 1511 evaluated whether a sentencing determination, couched in mandatory language analogous to the mandatory language of section 646.9, subdivision (m), would be upheld when the record was silent on whether the relevant determination was actually made by the trial court.  *Martinez* concluded its discretionary sentencing choice would be upheld even though the court did not state affirmatively on the record that it had made the mandatory determination.  (*Martinez,* at pp. 1516-1518.)  The same rationale applies here, and we affirm the sentence imposed by the trial court.

## DISPOSITION

The judgment is affirmed.


McDONALD, Acting P. J.

WE CONCUR:


O'ROURKE, J.


IRION, J.

8