[No. D028122. Fourth Dist., Div. One. Oct. 24, 1997.]

In re ABDIRAHMAN S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ABDIRAHMAN S., Defendant and Appellant.

**COUNSEL**

Mary C. Hibbs, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janelle M. Boustany and Patti W. Ranger, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KREMER, P. J.**—Abdirahman S. appeals from a dispositional order of the juvenile court placing him under the supervision of a probation officer for one year. Abdirahman contends the court (1) erred in failing to make an independent determination of his eligibility for informal supervision under Welfare and Institutions Code,[1] section 654.2, subdivision (a), and (2) abused its discretion in including warrantless searches and random alcohol and drug testing as conditions of probation. We affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

Abdirahman, Keak L. and Mohamed A. were middle school classmates. During an argument between the latter two, Mohamed warned Keak, "I am

---

[1] All statutory references are to the Welfare and Institutions Code except where specified otherwise.

going to get you after school." Abdirahman and Mohamed later confronted Keak in the school yard. Abdirahman handed a chunk of asphalt to Mohamed, who struck Keak with it, injuring his eye and cheek. Consequently, a petition was filed in juvenile court alleging Abdirahman came within the provisions of section 602 in that he committed a felonious assault with a deadly weapon. (Pen. Code, § 245, subd. (a)(1).) At the adjudication hearing, the court reduced the count to a misdemeanor, determined the maximum term was one year, and sustained the petition.

At the disposition hearing, the court reviewed the probation officer's social study, which recommended that Abdirahman be placed on formal probation. While this was Abdirahman's first offense, the officer believed he would have difficulty complying with informal supervision because his native language was not English. Abdirahman's counsel agreed with the probation recommendation but objected to certain conditions. The court declared Abdirahman to be a ward of the court and placed him on formal probation in the custody of his mother.

## II

### DISCUSSION

### A

### *Section 654.2*

Abdirahman contends the court erred in failing to make an independent determination at the disposition hearing of his eligibility for informal supervision under section 654.2, subdivision (a).[2] Instead, the court ostensibly relied solely upon the probation officer's formal probation recommendation. As we recently explained: "Section 654 authorizes an informal supervision program for a minor who in the opinion of a probation officer is, or will probably soon be, within the jurisdiction of the juvenile court. The purpose of the informal supervision program is to provide assistance and services to the minor and the minor's family to 'adjust the situation' and avoid further involvement in the formal juvenile criminal justice system. If the minor satisfactorily completes the informal supervision program designed by the probation officer, no section 602 petition is filed. If the minor does not satisfactorily complete the program, the probation officer or the

---

[2]Section 654.2, subdivision (a) provides in part: "[T]he court may, without adjudging the minor a ward of the court . . . order the minor to participate in a program of supervision as set forth in Section 654. . . . If the minor successfully completes the program of supervision, the court shall order the petition be dismissed. . . ."

prosecuting attorney may file the section 602 petition. [¶] In 1989 section 654.2 was enacted to permit the court to order a section 654 informal supervision program for a minor after a section 602 petition has been filed. . . ." (*In re Adam R.* (1997) 57 Cal.App.4th 348, 351-352 [67 Cal.Rptr.2d 76], fn. omitted.)

 Preliminarily, we note Abdirahman never raised the issue in the juvenile court and therefore waived appellate review. In any event, the trial court did not err. While a section 654.2 informal supervision program is available postpetition, it is to be implemented before adjudication of the charges alleged in the petition. (*In re Adam R., supra,* 57 Cal.App.4th at p. 352; *In re Adam D.* (1997) 56 Cal.App.4th 100, 103 [65 Cal.Rptr.2d 15].) "In fact the purpose of the section 654 informal supervision program is to avoid a true finding on criminal culpability which would result in a criminal record for the minor. . . . [¶] . . . The court cannot make true findings on allegations in the petition and then order an informal supervision program under section 654.2; the findings and the order are inherently inconsistent. . . ." (*In re Adam R., supra,* 57 Cal.App.4th at pp. 352-353.)

Because Abdirahman failed to request informal supervision under section 654.2 preadjudication, the court was not required to consider the issue at the disposition hearing at all.[3] Informal supervision was no longer a viable alternative, and thus the probation officer's consideration of the issue was unnecessary.

Abdirahman relies on *In re Armondo A.* (1992) 3 Cal.App.4th 1185, 1189-1190 [5 Cal.Rptr.2d 101], in which the juvenile court was found to have erred in refusing to independently determine whether informal supervision under section 654.2 was appropriate. There, however, the minor requested and received a hearing on the section 654.2 issue before the court adjudicated the petition allegations.

B

*Terms of Probation*

1. *Warrantless Searches*

 The juvenile "court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced."

---

[3]Abdirahman does not suggest the court had a sua sponte duty to raise the section 654.2 issue before adjudicating the allegations in the petition.

(§ 730, subd. (b).) "A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile. [Citation.] That discretion will not be disturbed in the absence of manifest abuse. [Citation.]" (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5 [63 Cal.Rptr.2d 701].)

However, ". . . a condition of probation which has no relationship to the crime of which the offender was convicted, relates to conduct which is not itself criminal, and requires or forbids conduct which is not reasonably related to future criminality, does not serve the statutory ends of probation and is invalid. [Citation.] 'Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.' [Citation.]" (*In re Josh W., supra,* 55 Cal.App.4th at pp. 5-6, quoting *People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].)

 Abdirahman contends the warrantless search condition does not reasonably relate to his crime or the prevention of a future crime. He relies on *People* v. *Burton* (1981) 117 Cal.App.3d 382, 390-391 [172 Cal.Rptr. 632, 19 A.L.R.4th 1243] and *In re Martinez* (1978) 86 Cal.App.3d 577, 583-584 [150 Cal.Rptr. 366], which both held a warrantless search condition was improper where defendant had no propensity to use a concealed weapon in the future. However, "[a] condition of probation which is impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court." (*In re Todd L.* (1980) 113 Cal.App.3d 14, 19 [169 Cal.Rptr. 625].) "Broadly the purpose of the juvenile court law is to provide for the protection and safety of the public as well as of the minor. [Citation.]" (*In re Binh L.* (1992) 5 Cal.App.4th 194, 204 [6 Cal.Rptr.2d 678]; § 202, subds. (a), (b) & (d).)

Here, Abdirahman provided Mohamed with a weapon, albeit an informal one, presumably knowing Mohamed would use it to harm Keak. Under the circumstances, we conclude the search condition is sufficiently related to public safety and Abdirahman's rehabilitation, and thus there was no manifest abuse of discretion.

### 2. *Alcohol and Drug Testing*

 Abdirahman contends the court abused its discretion in imposing random alcohol and drug testing as a probation condition because there was

no evidence he used such substances. Relying on *In re Tanya B.* (1996) 43 Cal.App.4th 1 [50 Cal.Rptr.2d 576], he asserts his failure to object to the condition at the juvenile court does not waive appellate review. We disagree.

In *People* v. *Welch* (1993) 5 Cal.4th 228, 237 [19 Cal.Rptr.2d 520, 851 P.2d 802], our Supreme Court held a criminal defendant cannot argue for the first time on appeal that a condition of probation is unreasonable. In doing so, the court expressly disapproved of a number of cases holding otherwise, including *In re Jason J.* (1991) 233 Cal.App.3d 710, 714 [284 Cal.Rptr. 673], a juvenile court proceeding. (*People* v. *Welch, supra,* 5 Cal.4th at p. 237.) We must therefore respectfully disagree with *Tanya B.,* which held the *Welch* waiver rule is inapplicable to a juvenile court disposition. (*In re Tanya B., supra,* 43 Cal.App.4th at p. 5.)

*Tanya B.* relies upon *In re Tyrell J.* (1994) 8 Cal.4th 68, 75 [32 Cal.Rptr.2d 33, 876 P.2d 519], for the proposition that the *Welch* waiver rule does not apply to failure to object to juvenile probation conditions. Aside from the fact that *Welch* specifically disapproved a juvenile probation case, we believe *Tanya B.*'s reliance is misplaced. In *Tyrell J.* the issue was not waiver but whether a probation search condition constituted the minor's consent to a warrantless search by an officer unaware of the condition. The court held, "[b]ecause a minor has no choice whether or not to accept a condition of probation that subjects him to a warrantless search, we cannot find that he consented to the condition." (*In re Tyrell J., supra,* 8 Cal.4th at p. 83.) *Tanya B.* appears to equate lack of consent with failure to object. In fact, the concepts are quite separate. That a minor in the last instance has no choice but to accept and abide by conditions of probation does not mean that the minor may not object to imposition of those conditions. "A minor can, of course, object to particular conditions of probation as improper or unwarranted. [Citations.]" (*In re Tyrell J., supra,* 8 Cal.4th at p. 83, fn. 3.)

What *Tanya B.* fails to recognize is that the *Welch* waiver rule is not based on the probationer's consent to the conditions of probation but on the proposition that the probationer did not timely object when problems could have been corrected. After noting that a failure to object to a defective probation report waives the claim on appeal, the Supreme Court stated, "No different rule should generally apply to probation conditions under consideration at the same time. A timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case. The parties must, of course, be given a reasonable opportunity to present any relevant argument and evidence. A rule foreclosing appellate review of claims not timely raised in this manner helps discourage the imposition of invalid probation conditions and reduce the

number of costly appeals brought on that basis. [Citations.]" (*People* v. *Welch*, *supra*, 5 Cal.4th at pp. 234-235, fn. omitted.)

We believe these considerations are fully applicable to hearings at which conditions of juvenile probation are determined. In both adult and juvenile cases, the time to object is at the pertinent hearing, not for the first time on appeal. (*People* v. *Welch*, *supra*, 5 Cal.4th at p. 237.) As discussed above, the juvenile court is vested with broad discretion to select appropriate probation conditions, and thus a minor has ample opportunity to influence the court's decision. Objection and waiver principles "encourage prompt detection and correction of error, and . . . reduce the number of unnecessary appellate claims . . . ." (*People* v. *Scott* (1994) 9 Cal.4th 331, 351 [36 Cal.Rptr.2d 627, 885 P.2d 1040].[4]) Indeed here, Abdirahman successfully objected to the probation officer's recommendation he take an anger management class.

## DISPOSITION

The order is affirmed.

Huffman, J., and McDonald, J., concurred.

A petition for a rehearing was denied November 17, 1997, and appellant's petition for review by the Supreme Court was denied February 3, 1998. Kennard, J., was of the opinion that the petition should be granted.

---

[4]*People* v. *Scott*, *supra*, 9 Cal.4th at page 353, illustrates the difference between "consent" and "waiver" in the context of sentencing. A defendant has no option but to be sentenced, and therefore he does not consent to it. Nonetheless, defendant may challenge the court's failure to properly make or articulate its discretionary sentencing choices, but waives appellate review of the issue absent a timely objection at the trial court.