Opinion
ARDAIZ, P. J.
Antonio C. admitted he was within the provisions of Welfare and Institutions Code section 602[1] in that he possessed an explosive, a felony violation of Health and Safety Code section 12305. The court placed him on probation subject to a number of conditions. On appeal, he challenges the condition that bars him from obtaining “any new tattoos, brands, bums, piercings or voluntary scarring.”[2] He contends the ban is invalid under People v. Lent (1975) 15 Cal.3d 481 [124 Cal.Rptr. 905, 541 P.2d 545], and violates his free speech rights under the First and Fourteenth Amendments. We hold that the tattoo and body marking prohibitions are consistent with the reformative and rehabilitative purposes of juvenile probation and constitute a reasonable exercise of the juvenile court’s supervisory function to provide for the minor’s safety and protection. We will modify the condition to read: “the minor shall not obtain any tattoos, brands, bums, or voluntary scarring; he shall not obtain any piercings with gang significance or not in compliance with Penal Code section 652, subdivision (a).”
Facts
On October 7, 1999, a student at Madera High School saw 15-year-old Antonio light an object and throw it into the air, where it exploded. Antonio admitted picking up the homemade device and putting it in his pocket, but denied lighting it.
According to the dispositional report, Antonio denied gang membership, but stated he “associates with” the Sureño gang. His probation officer *1033 confiscated a gang-related belt buckle during a routine home visit. Antonio had “Trust No Bitch” tattooed on his chest and clown faces, which are gang tattoos, on each shoulder. Antonio reported that he drank alcohol once a week and smoked marijuana three to five times a week. He had been before the juvenile court in 1998 on a charge of disturbing the peace at school, and in 1999 for possession of marijuana and driving without a license. The report recommended that the court place Antonio on probation subject to a number of conditions, including the usual gang membership prohibitions and the challenged bar to new tattoos and skin markings.
Antonio’s counsel objected to the gang affiliation probation conditions but not to the condition Antonio challenges on appeal. Despite counsel’s objection, the court imposed the gang affiliation prohibition conditions without comment other than, “Are you through?”
Discussion

Waiver of Right to Challenge Probation Condition

As a general rule, failure to challenge a probation condition on constitutional or Lent grounds in the trial court waives the claim on appeal. (People v. Welch (1993) 5 Cal.4th 228, 237 [19 Cal.Rptr.2d 520, 851 P.2d 802]; In re Josué S. (1999) 72 Cal.App.4th 168, 170-173 [84 Cal.Rptr.2d 796].) However, where an objection would have been futile, the claim is not waived. (People v. Welch, supra, 5 Cal.4th at p. 237.) The People concede that an objection to the condition would have been futile in light of the juvenile court’s rejection, without explanation, of Antonio’s objection to the gang affiliation conditions. Accordingly, we will consider the merits of Antonio’s contention.

Juvenile Probation Conditions

A juvenile court is vested with broad discretion to select appropriate probation conditions. (In re Josué S., supra, 72 Cal.App.4th at p. 173.) The court may impose any reasonable condition that is “fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.” (§ 730, subd. (b).) A condition of probation that is impermissible for an adult probationer is not necessarily unreasonable for a minor. (In re Tyrell J. (1994) 8 Cal.4th 68, 81-82 [32 Cal.Rptr.2d 33, 876 P.2d 519].) Juveniles are deemed to be more in need of guidance and supervision than adults, and their constitutional rights are more circumscribed. (In re Antonio R. (2000) 78 Cal.App.4th 937, 941 [93 Cal.Rptr.2d 212].) Further, when the state asserts jurisdiction over a minor, it stands in the shoes of the *1034 parents. A parent may curtail a child’s exercise of constitutional rights because a parent’s own constitutionally protected “ ‘ “liberty” ’ ” includes the right to “ ‘ “bring up children” ’ ” and to “ ‘ “direct the upbringing and education of children.” ’ ” (In re Frank V. (1991) 233 Cal.App.3d 1232, 1243 [285 Cal.Rptr. 16].) Thus, the juvenile court may impose probation conditions that infringe on constitutional rights if the conditions are tailored to meet the needs of the minor. (In re Abdirahman S. (1997) 58 Cal.App.4th 963, 969 [68 Cal.Rptr.2d 402].)

Tattoo/Body Marking Prohibition

Antonio presents this court with a graphic and penetrating constitutional question. He contends the probation condition barring him from obtaining “any new tattoos, brands, burns, piercings, or voluntary scarring” (italics added), as opposed to a condition barring new gang-related body markings and piercings, impermissibly prohibits him from acquiring a tattoo or marking honoring his mother, his girlfriend, or his country. As such, the condition bars conduct unrelated to future criminality, is overbroad, and infringes on his constitutional right to free speech.
A probation condition is invalid if it: (1) has no relationship to the crime of which the offender was convicted, (2) forbids conduct that is not reasonably related to future criminality, and (3) relates to conduct that is not itself criminal. (People v. Lent, supra, 15 Cal.3d at p. 486.) In addition, where an otherwise valid condition impinges on constitutional rights, the condition must be carefully tailored and reasonably related to the compelling state interest in the minor’s reformation and rehabilitation. (Cf. People v. Delvalle (1994) 26 Cal.App.4th 869, 879 [31 Cal.Rptr.2d 725].)
The tattoo and comparable body marking prohibition, as applied to Antonio, is a valid probation condition under Lent, because it relates to criminal conduct. In addition, the state’s compelling interest in the protection of children justifies the restriction on Antonio’s freedom of expression through body marking. (In re Abdirahman S., supra, 58 Cal.App.4th at p. 969 [one of the broad purposes of juvenile court supervision is to provide for the protection and safety of the minor].) As such, the condition does not unduly burden his free speech rights and was properly imposed.
A minor is prohibited from receiving a permanent tattoo with or without parental consent. (Pen. Code, § 653;[3] American Academy of Pediatrics v. Lungren (1997) 16 Cal.4th 307, 336, fn. 20 [66 Cal.Rptr.2d 210, 940 P.2d *1035 797]; Id. at p. 395 (dis. opn. of Mosk, J); In re T.A.J. (1998) 62 Cal.App.4th 1350, 1358 [73 Cal.Rptr.2d 331].) While we have found no statutory prohibition to a minor acquiring brands, bums, or voluntary scars, we note that inflicting brands, bums, or scars on another may constitute mayhem. (Pen. Code, § 203; People v. Keenan (1991) 227 Cal.App.3d 26, 36 [277 Cal.Rptr. 687] [cigarette burns].) And, branding, burning or voluntarily scarring oneself may constitute self-mutilation, which is an indication of emotional disturbance and presents a threat to the mutilator’s health and safety. (See, e.g., § 18358, subd. (b)(1)(E); Molko v. Holy Spirit Assn. (1988) 46 Cal.3d 1092, 1118 [252 Cal.Rptr. 122, 762 P.2d 46]; In re Amy M. (1991) 232 Cal.App.3d 849, 863 [283 Cal.Rptr. 788]; People v. Compelleebee (1979) 99 Cal.App.3d 296, 305 [160 Cal.Rptr. 233]; G. B. v. Lackner (1978) 80 Cal.App.3d 64, 68 [145 Cal.Rptr. 555, 2 A.L.R.4th 752].) As such, the challenged probation condition can reasonably be construed as prohibiting the minor from acquiring new tattoos in violation of Penal Code section 653, or consenting to mayhem, or engaging in self-mutilation.
Antonio, at 15 years of age, already had three unlawfully acquired tattoos, at least two of which were gang related. Under the circumstances, the probation condition prohibiting him from acquiring additional tattoos and body markings is analogous to the probation condition requiring him to obey all laws. Moreover, the condition is sufficiently related to his rehabilitation, and is a reasonable exercise of the juvenile court’s supervisory function to provide for his safety and protection.[4]
Assuming, without deciding, that tattoos and related skin markings constitute speech under the First Amendment (see, e.g., Stephenson v. Davenport Community School Dist. (8th Cir. 1997) 110 F.3d 1303, 1307), the probation condition does not unduly burden Antonio’s free speech rights. The United States Supreme Court has long held that while nonverbal expressive activity cannot be banned because of the ideas it expresses, it can be banned because of the action it entails. For example, burning a flag in violation of an ordinance against outdoor fires may be punished, whereas burning a flag in violation of an ordinance against dishonoring the flag may not. (R. A. V. v. St. Paul (1992) 505 U.S. 377, 385 [112 S.Ct. 2538, 2543-2544, 120 L.Ed.2d 305].) Here, the probation condition, which is content neutral, temporarily prohibits Antonio from self-expression through permanent skin disfigurement. Its focus is the manner in which the message is conveyed, not the message itself. As such, it constitutes a reasonable manner restriction on Antonio’s free speech rights. (Id. at p. 386 [112 S.Ct. at pp. 2544-2545].)
*1036 The challenged probation condition also prohibits “piercings.” While minors are statutorily prohibited from acquiring tattoos, they may have their lip, tongue, nose, or eyebrow pierced with their parent’s consent. (Pen. Code, § 652, subd. (a).) Thus, the absolute piercing prohibition is invalid under Lent because it has no relationship to the crime of which Antonio was convicted, relates to conduct that is not itself criminal, and bars conduct that is not reasonably related to future criminality. We will modify that aspect of the probation condition accordingly.
Disposition
The challenged probation condition is modified to read in pertinent part: “the minor shall not obtain any new tattoos, brands, bums, or voluntary scarrings; he shall not obtain any piercings with gang significance or not in compliance with Penal Code section 652, subdivision (a) . . . .” In all other respects the dispositional orders are affirmed.
Dibiaso, J., and Harris, J., concurred.
A petition for a rehearing was denied October 12, 2000, and appellant’s petition for review by the Supreme Court was denied December 13, 2000.

Further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

The probation condition reads: “Shall not obtain any new tattoos, brands, burns, piercings, or voluntary scarring and shall permit photographing of all tattoos or similar markings that exist to the date of this order.”

Penal Code section 653 provides that every person who tattoos or offers to tattoo a person under the age of 18 years is guilty of a misdemeanor.

The Legislature recognizes that tattoos may present a threat to the bearer’s personal safety or an obstacle to employability. Section 1915, added in 1997, provides for a tattoo removal program administered by the Youth Authority.