Filed 2/25/14  In re Frank S. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re FRANK S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANK S.,<br><br>    Defendant and Appellant. | G048682<br><br>(Super. Ct. No. DL044709)<br><br>O P I N I O N |

        Appeal from a judgment of the Superior Court of Orange County, Gregory W. Jones, Judge.  Affirmed.

        Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance by Plaintiff and Respondent.

*          *          *

Minor Frank S. (born June 1999) filed a notice of appeal after the juvenile court declared him a ward of the court and placed him on juvenile probation on various terms and conditions. His appointed counsel filed a brief summarizing the case, but advised this court she found no issues to support an appeal. We gave minor 30 days to file a written brief on his own behalf, but he has not responded. After conducting an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

FACTS

In May 2013, the Orange County District Attorney filed juvenile court petitions (Welf. & Inst. Code, § 602) alleging 13-year-old Frank S. committed several misdemeanors, including disturbing the peace (fighting in a public place) on or about December 20, 2012 (Pen. Code, § 415, subd. (1)), possessing less than 28.5 grams of marijuana on or about February 4, 2013 (Health & Saf. Code, § 11357, subd. (e)), and committing a battery on school property on or about March 29, 2013 (Pen. Code, § 243.2). A pretrial report by the probation officer reported minor had suffered eight school suspensions for fighting, possession of marijuana, attendance issues, and not following directions.

In June 2013, minor admitted the violations and the juvenile court declared him a ward of the court. The court placed minor on probation on various terms and conditions, including that he "obey all school regulations and rules[]" and that he "not . . . use, possess or be under the influence of any dangerous drugs, alcohol or controlled substances . . . ." Minor's counsel objected to the condition concerning school rules, complaining it was "extremely overbroad [and] could potentially get him into a situation where probation violations are filed against him" for "an undefined class of school rules . . . ." Counsel suggested minor "could be brought back on a probation violation for having soda in his classroom because of the fact that that could potentially be a school

2

rule. And my request would be to order him to go to school every day and not be truant rather than putting him in a situation where there could be quite a few probation violations not anticipated."

After minor filed his notice of appeal, minor's appellate counsel sent a letter to the juvenile court requesting modification of the conditions to include a scienter requirement. In October 2013, the juvenile court modified the conditions as follows: "THE MINOR SHALL NOT KNOWINGLY VIOLATE ANY SCHOOL RULE OR REGULATION" and "THE MINOR SHALL NOT KNOWINGLY USE OR POSSESS, OR KNOWINGLY BE UNDER THE INFLUENCE OF, ALCOHOL, DANGEROUS DRUGS OR NARCOTICS."

DISCUSSION

Counsel lists as a possible claim appearing in the record whether the juvenile court erred by imposing a condition prohibiting minor from knowingly violating any school rule or regulation. (See *People v. Lent* (1975) 15 Cal.3d 481; *In re Abdirahman S.* (1997) 58 Cal.App.4th 963, 969; *In re Binh L.* (1992) 5 Cal.App.4th 194, 203; *In re Frank V.* (1991) 233 Cal.App.3d 1232, 1242.)

Appellate counsel represents in her declaration attached to the opening brief that she has read the entire record, she discussed the case with her client, and advised him she would be filing a brief complying with *Wende* procedures. She also provided him with a copy of the brief, advised him he could personally file a supplemental brief raising any issues, provided a copy of the appellate record to assist minor's review should he wish to file a brief, and she advised him he could seek her withdrawal as counsel.

Although not required to do so, we have considered the possible issue listed by counsel and conclude it does not raise an arguable issue. We have conducted a review of the entire record under *Wende, supra,* 25 Cal.3d 440 and *Anders v. California* (1967) 386 U.S. 738, and we find no other arguable issues on appeal. Minor has not filed a supplemental brief. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124 [appellate

3

court must address issues raised personally by appellant in a *Wende* proceeding and explain why they fail].)

## DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.