Filed 4/28/21  In re Antonio G. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re ANTONIO G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. ANTONIO G., Defendant and Appellant. | A160633 (Contra Costa County Super. Ct. No. J20-00032) |

Following his admission to one misdemeanor count of driving while having a blood alcohol level of .08 or higher (Veh. Code, § 23152, subd. (b)), minor was adjudged a ward of the court and placed on home supervision subject to various conditions. On appeal, he contends that the standard warrantless search condition imposed by the court is unreasonable and overbroad under *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*). We disagree and shall affirm the order.

**Background**

In January 2020, the Contra Costa County District Attorney filed a petition alleging that minor fell within the meaning of Welfare and Institutions Code section 602 based on his commission of three misdemeanor violations: driving under the influence of alcohol (Veh. Code, § 23152,

1

subd. (a)); driving while having a blood alcohol level of .08 or higher (Veh. Code, § 23152, subd. (b); and driving without a license (Veh. Code, § 12500, subd. (a)). In a plea agreement, minor admitted a violation of Welfare and Institutions Code section 23152, subdivision (b), and the remaining counts were dismissed.

According to the probation report, on November 6, 2019, minor took a car belonging to his mother's employer and crashed it. The officer who responded to the accident observed signs of intoxication and minor admitted drinking two or three beers. Minor did not produce a driver's license when asked by police. Results from tests administered over an hour after the accident showed minor's blood alcohol level to be approximately .17 percent.

At the dispositional hearing, the probation department recommended the court impose conditions prohibiting minor from using or possessing any illegal drugs or alcohol, requiring minor to submit to drug and alcohol testing as directed by his probation officer and requiring minor to submit to warrantless searches of his "person, property, any vehicle under minor's control, and residence." Minor's attorney did not object to the conditions of probation restricting minor's possession of drugs and alcohol and requiring drug and alcohol testing but argued that the warrantless search condition posed an unreasonable burden on minor's privacy rights. The court imposed the condition over defendant's objection, noting that it was appropriate to allow the probation department to monitor minor's possession of alcohol.

## Discussion

" 'The purposes of juvenile wardship proceedings are twofold: to treat and rehabilitate the delinquent minor, and to protect the public from criminal conduct.' [Citation.] To those ends, a juvenile court may order a ward under its jurisdiction to probation. [Citation.] Under Welfare and

2

Institutions Code section 730, subdivision (b), the court 'may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' 'The juvenile court has wide discretion to select appropriate conditions,' but '[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.' [Citation.] 'A condition of probation which is impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court.' [Citation.] On appeal, we ' "review conditions of probation for abuse of discretion." ' [Citation.] Specifically, we review a probation condition 'for an indication that the condition is "arbitrary or capricious" or otherwise exceeds the bounds of reason under the circumstances.' " (*Ricardo P., supra*, 7 Cal.5th at p. 1118.)

In *Ricardo* P., the court confirmed that the test adopted in *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) for determining the reasonableness of a probation condition for adult offenders applies with equal force to minors. (*Ricardo P., supra*, 7 Cal.5th at pp. 1118-1119.) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent, supra,* at p. 486.)

Although "a minor cannot be made subject to an *automatic* search condition" (*In re Binh L.* (1992) 5 Cal.App.4th 194, 203, italics added), general search conditions such as the one at issue here are routinely upheld in juvenile cases (see, e.g., *In re P.O.* (2016) 246 Cal.App.4th 288, 296; *In re*

3

*Abdirahman S.* (1997) 58 Cal.App.4th 963, 968–969; *In re Binh L.*, *supra*, at p. 204). The general search condition in this case satisfies the *Lent* test because it is reasonably related to the minor's supervision. Minor admitted to drinking alcohol and driving with an elevated blood alcohol level. The search condition permits law enforcement to monitor him for possession of alcohol. This aids in his supervision and rehabilitation and also serves to protect the public against his future criminality. (See *People v. Balestra* (1999) 76 Cal.App.4th 57, 67 ["warrantless search condition is intended to ensure that the subject thereof is obeying the fundamental condition of all grants of probation, that is, the usual requirement . . . that a probationer 'obey all laws' "]; *In re Binh L., supra*, at p. 204 ["probation search condition was rational both to assure that the minor would correct his behavior and in this sense be rehabilitated, and to protect the public against the possibility he would not"].)

Contrary to defendant's argument, *Ricardo P.* does not invalidate the search condition imposed in this case. In *Ricardo P.*, the court held that a probation condition that allowed warrantless searches of a minor's electronic devices was invalid under *Lent's* third prong because the burden it imposed on the minor's privacy was substantially disproportionate to the countervailing interests of furthering his rehabilitation and protecting society. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1119.) The court focused in large part on the unique privacy concerns raised by searches of electronic devices. (*Id.* at p. 1123 ["The plain language of this electronics search condition would require Ricardo to provide probation officers full access, day or night, not only to his social media accounts but also to the contents of his e-mails, text messages, and search histories, all photographs and videos stored on his devices, as well as any other data accessible using electronic devices, which

4

could include anything from banking information to private health or financial information to dating profiles."].) The court in *Ricardo P.* briefly addressed and distinguished electronic search conditions from general search conditions like those at issue in this case. (*Id.* at p. 1127.) The court explained, "The Attorney General also argues that invalidating the electronics search condition here would make it impossible for courts to impose 'common' and 'standard search conditions,' such as those permitting warrantless searches of a juvenile probationer's person, property, and residence. But a property or residence search condition is likewise subject to *Lent's* three-part test. Under the rule we set forth today, a juvenile court imposing such a condition must consider whether, in light of 'the facts and circumstances in each case' [citation], the burdens imposed by the condition are proportional to achieving some legitimate end of probation. Our determination that the electronics search condition here is not reasonably related to Ricardo's future criminality will not impair juvenile courts' ability to impose traditional search conditions in future cases when warranted. [¶] Moreover, the Attorney General's argument does not sufficiently take into account the potentially greater breadth of searches of electronic devices compared to traditional property or residence searches. [Citation.] As noted, the electronics search condition here is expansive in its scope: It allows probation officers to remotely access Ricardo's e-mail, text and voicemail messages, photos, and online accounts, including social media like Facebook and Twitter, at any time. It would potentially even allow officers to monitor Ricardo's text, phone, or video communications in real time. Further, the condition lacks any temporal limitations, permitting officers to access digital information that long predated the imposition of Ricardo's probation." (*Ibid.*)

Here, given the conditions of probation prohibiting defendant from possessing drugs and alcohol, the general search condition is a proportional means of deterring defendant from future criminality. Accordingly, it is not unreasonable under the *Lent* test.

For the same reason, the condition is not unconstitutionally overbroad. (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 ["A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad."].) The limited intrusion on defendant's privacy is proportional to and justified by the need to ensure compliance with the conditions of probation imposed in this case.

## Disposition

The dispositional order is affirmed.


POLLAK, P. J.

WE CONCUR:

TUCHER, J.
BROWN, J.