Filed 5/12/22  In re J.C. CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re J.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>J.C.,<br><br>        Defendant and Appellant. | A162845<br><br>(Marin County<br>Super. Ct. No. JV26982) |

J.C., a ward of the juvenile court, appeals from a disposition order continuing his wardship after he was found to have violated his probation. The sole focus of this appeal is a probation condition imposed by the juvenile court requiring J.C. to submit to warrantless searches of his electronic devices.  J.C. argues the probation condition is invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), as construed in *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*), and is unconstitutionally overbroad.  Although an electronics search condition is appropriate here, we conclude the condition imposed by the court is too broad to survive scrutiny under *Ricardo P.*  We therefore strike the condition and remand the matter to the juvenile court to consider imposing a revised condition.

1

# BACKGROUND

On March 11, 2020, staff of San Rafael High School received a call from a senior home located three or four blocks away from the school with a report that students were smoking marijuana near the home. A school security officer went to the senior home to investigate the report and while walking on a nearby street, encountered a group of students that included then 16-year-old J.C. and G.L. The students ignored the security officer and returned to the school campus, where they were later apprehended and searched. The search revealed J.C. had a knife, and G.L., vaporizer cartridges that contained concentrated cannabis.

One month later, police received a report that students trespassed onto the San Rafael High School campus after school hours to play soccer and swim in the pool. J.C. was identified as one of the students.

On July 7, the Marin County District Attorney filed a juvenile wardship petition under Welfare and Institutions Code[1] section 602 charging J.C. with possessing a weapon on school grounds (Pen. Code, § 626.10, subd. (a)(1)).

Two months later, police received a report from a Target store in San Rafael that two minors inside the store placed several bottles of alcohol into their backpacks. Police arrived at the store and spoke with J.C., who identified himself using a false name and admitted to having stolen alcohol bottles. Police then searched J.C. and found a wallet with an identification card bearing his true name.

On October 9, the District Attorney filed an amended petition charging J.C. with possessing a weapon on school grounds (Pen. Code, § 626.10, subd.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

2

(a)(1)) (count one), as well as trespassing (*id.*, § 602, subd. (m)) (count 2) and giving false identification to a peace officer (*id.*, § 148.9, subd. (a)) (count 3).

On October 19, the juvenile court held a contested jurisdiction hearing, at which J.C. admitted to count one. At a dispositional hearing on November 9, the juvenile court declared J.C. a ward of the court and placed him on probation with various conditions, including that he attend school regularly, stay away from the San Rafael Target store, participate in counseling, obey a curfew, and have no contact with "detrimental influences" G.L and J.V.S.,[2] among other individuals. J.C. appealed from the disposition order, and we modified the curfew condition but otherwise affirmed. (*In re J.C.* (Dec. 23, 2021, A161491) [nonpub. opn.].)

Meanwhile, on April 14, 2021, the probation department filed a notice under section 777 alleging J.C. had violated the conditions of his probation by (1) failing to attend school regularly, (2) having contact with G.L. and J.V.S, and (3) missing a number of counseling sessions. The second probation violation allegation stemmed from J.C. appearing with G.L. and J.V.S. in a music video for a musical group called the "K Babies," whom the San Rafael Police Department reported to be associated with the Norteños criminal street gang. The video was posted on YouTube, and a link to the video and still photographs taken of J.C. appearing in the video were provided in the section 777 notice.

On May 27, the juvenile court held a hearing on the probation violation allegations. J.C. admitted, and the court sustained, the allegation that he violated the condition mandating his regular attendance at school. The other

---

[2] The record on appeal does not contain information about J.V.S.'s relationship to J.C. or any of the events in this case, other than his subsequent appearance in a music video together with J.C.

allegations were dismissed.  The court proceeded to disposition.  It ordered that J.C. remain a ward of the court and placed him on probation for an indefinite period, under various conditions.  Those conditions included that J.C. obey all laws, attend school regularly, stay away from the San Rafael Target store, avoid contact with G.L. and J.V.S. and other named "detrimental influences," and refrain from using or possessing alcoholic beverages and illegal drugs.

Although not requested by the probation department or the People, the juvenile court also imposed an electronics search condition, which read as follows:  "Submit to Search and Seizure of Electronic Devices—Based on the connection between the use of electronic devices/social media and the charges involved/minor's entire social history, the Court finds the restriction on use of electronic devices/social media is necessary to enforce the terms of the probation and/or meet rehabilitative goals.  To effectuate these restrictions the minor must provide access/passwords to minor's electronic devices, accounts, applications, and websites to minor's probation officer, law enforcement or placement officials.  Minor waives any specific consent and warrant requirement in [Penal Code sections] 1546 and 1546.1."  Under "[t]he areas of restriction," boxes were checked near the following paragraphs:  "Communication between minor and protective parties or 'no contact' parties"; "[c]ommunication or content regarding violation of geographic stay away"; "[c]ommunication or content referencing theft"; and "[c]ommunication or content referencing minor's use of alcohol and illegal drugs."

This appeal followed.

4

## DISCUSSION

**The Law**

Earlier this year, in *In re Cesar G.* (2022) 74 Cal.App.5th 1039 (*Cesar G.*), we summarized the applicable law:

" 'The juvenile court is authorized to "impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (§ 730, subd. (b).)  We review the juvenile court's probation conditions for abuse of discretion. (*In re P.A.* (2012) 211 Cal.App.4th 23, 33.) [¶]  Well-established principles guide our review. " 'The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents' [citation], thereby occupying a 'unique role . . . in caring for the minor's well being.' [Citation.] . . . [¶]  The permissible scope of discretion in formulating terms of juvenile probation is even greater than that allowed for adults." ' [*In re*] *Edward B.* [(2017)] 10 Cal.App.5th [1228,] 1232 [(*Edward B.*)].)

" 'The juvenile court's discretion in imposing conditions of probation is broad but not unlimited. (*In re D.G.* (2010) 187 Cal.App.4th 47, 52 (*D.G.*).)  Our Supreme Court has stated criteria for assessing the validity of a probation condition:  Upon review, "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent, supra,* 15 Cal.3d at p. 486.)  "Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Ibid.*)  Adult and juvenile probation conditions are reviewed under the *Lent* criteria. (*D.G., supra,*

5

187 Cal.App.4th at p. 52.) . . . In determining reasonableness, courts look to the juvenile's offenses and social history. ([*Id.* at p. 53.].)' (*Edward B.*, *supra*, 10 Cal.App.5th at p. 1233.)" (*Cesar G.*, *supra*, 74 Cal.App.5th at p. 1045.)

**Reasonableness Under *Lent***

J.C. argues that the electronics search condition is unreasonable under *Lent*, as construed by our Supreme court in *Ricardo P.*

Initially, the People argue that J.C. did not object to the search condition below, thereby forfeiting the claim on appeal. (*People v. Welch* (1993) 5 Cal.4th 228, 237; *In re Abdirahman S.* (1997) 58 Cal.App.4th 963, 970–971.) J.C. admits he did not object to the probation condition, but nonetheless asks us to exercise our inherent discretion to review his claim on the merits. (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 [reviewing courts have discretion to excuse forfeiture]; accord, *In re Sheena K.* (2007) 40 Cal.4th at 875, 887 & fn. 7.) Although J.C. has forfeited his claim, we exercise our discretion to consider it in the interest of justice and in order to avoid a later claim that his trial counsel was ineffective in not raising an objection.

Turning to the merits, the parties appear to agree that the electronics search condition imposed in this case satisfies the first two prongs of *Lent*. First, there is no evidence that J.C. used electronic devices or social media in connection with the crimes for which he was convicted, or the probation violation allegation that was sustained. Second, "the typical use of electronic devices and of social media is not itself criminal." (*In re Erica R.* (2015) 240 Cal.App.4th 907, 913.)

This case thus turns on the third prong under *Lent*—whether the electronics search condition is reasonably related to future criminality. (*Lent*, *supra*, 15 Cal.3d at p. 486.)

In *In re Amber K.* (2020) 45 Cal.App.5th 559 (*Amber K.*), we summarized the law concerning electronics search conditions under *Lent*'s third prong in light of *Ricardo P.*:

"In *Ricardo P.*, our Supreme Court discussed the *Lent* requirement of reasonable relatedness to future criminality in the context of an electronic search condition. (*Ricardo P., supra*, 7 Cal.5th at pp. 1122–1123.) There, the defendant admitted allegations that he committed two felony burglaries. (*Id.* at p. 1116.) The probation conditions imposed by the juvenile court included drug testing, prohibitions on using illegal drugs and alcohol, and prohibitions on associating with people whom Ricardo knew to use or possess illegal drugs. (*Ibid.*) The juvenile court also imposed a condition requiring the minor to submit his electronics, including passwords, to warrantless search at any time of the day or night. (*Id.* at pp. 1116–1117.) The condition was imposed solely to allow probation officers to monitor whether Ricardo was communicating about drugs or with people associated with drugs (*id.* at pp. 1116–1117, 1119), but the language of the search condition did not reflect its limited purpose. In the absence of any evidence that electronic devices were connected to the commission of the burglaries, or that Ricardo used electronic devices in connection with drug use or any other criminal activity, our Supreme Court concluded that the electronic search condition was invalid under *Lent* because the burden it imposed on his privacy was 'substantially disproportionate to the condition's goal of monitoring and deterring drug use' (*id.* at pp. 1119–1120) and therefore not reasonably related to future criminality. (*Id.* at p. 1122.) Although our Supreme Court emphasized that it was not categorically invalidating electronic search conditions, it affirmed the Court of Appeal's judgment striking the condition and directed that the case be remanded to the juvenile court for further proceedings. (*Id.* at

7

pp. 1128–1129.) The Supreme Court did not reach the issue whether the record might support a narrower search condition, such as one limited to electronic information reasonably likely to reveal whether Ricardo was communicating about drugs, nor how such a condition might be phrased. (See *id.* at p. 1124.)

"Our colleagues in Division Four applied the *Ricardo P.* standard in *In re Alonzo M.* (2019) 40 Cal.App.5th 156, 160 (*Alonzo M.*), a case where the minor admitted grand theft of a person, taking property valued at more than $950, and pleaded no contest to misdemeanor burglary. The juvenile court imposed various conditions of probation, including that Alonzo stay away from his co-responsibles and from other people of whom his parents or the probation officer disapproved, and an electronic search condition for the purpose of addressing Alonzo's admitted susceptibility to negative social influences. (*Id.* at pp. 166–167.) The actual terms of the search condition, however, reached beyond the stated purpose and, though not as broad as the condition in *Ricardo P.*, authorized the search of any medium of communication reasonably likely to reveal whether the minor was complying with any of the terms of his probation, not limited to terms related to Alonzo's susceptibility. (*Id.* at p. 167; cf. *Ricardo P., supra,* 7 Cal.5th at pp. 1116–1117.) Even though the record in *Alonzo M.* showed that minor spent a significant amount of time using electronic devices, and the Court of Appeal concluded that an electronic search condition would be permissible as reasonably related to minor's future criminality, our colleagues concluded that the challenged condition was invalid because it 'burden[ed] Alonzo's privacy in a manner substantially disproportionate to the probation department's legitimate interest in monitoring Alonzo's compliance with the stay-away orders.' (*Alonzo M., supra,* 40 Cal.App.5th at p. 168.) The Court of

8

Appeal struck the condition and remanded the case to the juvenile court 'so the court may consider whether to adopt an electronic search condition consistent with this opinion.' (*Ibid.*)" (*Amber K.*, *supra*, 45 Cal.App.5th at pp. 566–567.)

In *Amber K.*, we faced a situation similar to that in *Alonzo M.* In *Amber K.*, the minor assaulted another schoolmate and after that incident, posted profanity-laced comments about the assault and photographs of herself flipping off the camera on social media. (*Amber K.*, *supra*, 45 Cal.App.5th at p. 562.) The juvenile court placed the minor on probation with an electronics search condition, which required her to " 'submit her cellphone or any other electronic device under her control to a search of any medium of communication reasonably likely to reveal whether she is complying with the terms of her probation, with or without a warrant at any time of the day or night.' " (*Id.* at p. 564.) We saw no abuse of discretion in imposing a search condition with the purpose of monitoring the minor's compliance with the juvenile court's order to stay from her victim. (*Id.* at p. 567.) However, we held that the condition, as drafted, went further by broadly permitting electronic searches for the purpose of ensuring the minor's compliance with all probation conditions, not just the no-contact condition. (*Ibid.*) As such, we concluded the search condition was impermissible under *Ricardo P.*, and we therefore struck it and remanded the matter with directions to the juvenile court to consider whether to impose a modified condition. (*Amber K.*, at pp. 567–568.)

J.C. argues that under the reasoning of *Ricardo P.*, the electronics search condition imposed in this case is invalid under *Lent*. He contends that "[h]ere, as in *Ricardo P.*, there is no factual connection between the use of electronic devices and [his] involvement in any illicit activity, either past or

9

present." (Italics omitted.) Although J.C. admits that he appeared "in a music video along with two minors he had previously been ordered to stay away from," he argues there is no evidence that he personally used a device in connection with that video. Thus, according to J.C., his "mere appearance in [the] music video . . . does not establish a nexus between the use of electronic devices and violation of any of his probation conditions and/or the prevention of future criminality."

Under *Ricardo P.*, "there must be information in the record establishing a connection between the search condition and the probationer's criminal conduct or personal history—an actual connection apparent in the evidence, not one that is just abstract or hypothetical. But no nexus between the search condition and the minor's underlying offense is required. '[C]ourts may properly base probation conditions upon information in a probation report that raises concerns about future criminality unrelated to' past criminal conduct." (*Alonzo M.*, *supra*, 40 Cal.App.5th at p. 166, quoting *Ricardo P.*, *supra*, 7 Cal.5th at pp. 1120–1121.) In *Ricardo P.*, the only possible justification in that record for subjecting the minor to an electronics search condition was a generalized assumption that teenagers use social media to brag about marijuana use. (*Ricardo P.*, at pp. 1119–1120.)

In contrast to *Ricardo P.*, the record in this case shows a connection between the electronics search condition and J.C.'s social history. As J.C. acknowledges, he was featured in a music video posted on YouTube together with other individuals, including G.L. and J.V.S., whom he was prohibited from contacting. Although we agree with J.C. that the connection between the violation of the no-contact order and the electronics search condition is somewhat attenuated given the lack of evidence that J.C. himself used a device in connection with the music video, the fact remains that such

10

violation was facilitated by the use of a device, as well as by social media. The record supports that the purpose for which J.C. came into contact with G.L. and J.V.S. in this instance was to help create digital content on behalf of a musical group with known ties to a street gang. Under these circumstances and the deferential standard of review required by *Lent*, we see no abuse of discretion in the juvenile court imposing a search condition for the purpose of preventing J.C. from associating with negative social influences who might draw him into criminal conduct.

At the same time, however, we are not convinced that the electronics search condition meets *Ricardo P.*'s proportionality test, as construed in *Alonzo M.* and *Amber K.* Although in both cases there was no abuse of discretion in the imposition of an electronics search condition for the purpose of ensuring that the minor stay away from negative social influences, the condition nonetheless was too broad to survive scrutiny under *Ricardo P.* (*Alonzo M.*, *supra*, 40 Cal.App.5th at pp. 166–168; *Amber K.*, *supra*, 45 Cal.App.5th at p. 567.) This was because the search condition in each case authorized searches likely to reveal whether the minor was complying with the terms of his or her probation generally, rather than just the no-contact condition. (*Alonzo M.*, at pp. 167–168; *Amber K.*, at p. 567.) As a result, the search condition in both cases, as worded, did not meet *Ricardo P.*'s requirement that it be carefully calibrated to the state's legitimate interest in probation supervision. (*Alonzo M.*, at pp. 167–168; *Amber K.*, at p. 567.)

It is true, as the People point out, that the electronics search condition in this case is narrower than the search conditions imposed in *Alonzo M.* and *Amber K.* In particular, the juvenile court here limited the condition to searches of J.C.'s electronic devices and other accounts and applications likely to reveal communications within specified "areas of restriction." The

11

areas of restriction were (1) communications between J.C. and the "no contact" parties"; (2) "[c]ommunication or content regarding violation of" the order requiring J.C. to stay away from the Target store; (3) "[c]ommunication or content referencing theft"; and (4) "[c]ommunication or content referencing [his] use of alcohol and illegal drugs." As explained, we take no issue with the first area of restriction, since imposing an electronics search condition was appropriate under the circumstances here to ensure that J.C. has no further dealings with the unauthorized contacts.

As to the other areas of restriction, however, we share the same concerns as expressed in *Alonzo M.* and *Amber K.* that the scope of the condition would allow searches regarding compliance with probation conditions where there is no connection to J.C.'s use of electronics or social media. (Cf. *Alonzo M.*, *supra*, 40 Cal.App.5th at pp. 167–168 [condition swept too broadly because it would "allow probation officers and police to peruse the content of Alonzo's communications to see whether he is, for example, boasting of illegal drug use," despite no evidence of a "connection between the probationer's use of electronics and his drug use or other criminality"].) Here, there is nothing in the record connecting the use of electronic devices or social media and J.C.'s theft offense or any other criminal offense, or his possession or use of alcohol or drugs. On top of that, the electronics search condition contains no temporal restrictions and requires J.C. to provide, without any confinement, "access/passwords to [his] electronic devices, accounts, applications, and websites to [his] probation officer, law enforcement, or placement officials." As in the above cases, we conclude that the electronics search condition in this case imposes substantially greater burdens on J.C.'s privacy than the circumstances warrant and is therefore unreasonable under *Lent*. Accordingly, we strike the electronics search condition and remand the

matter to the juvenile court to permit the People, if they so choose, to request a modified electronics search condition.

Because we conclude that the condition must be stricken under *Lent* and *Ricardo P.*, we do not reach J.C.'s claim that the condition is unconstitutionally overbroad. (See *Alonzo M.*, *supra*, 40 Cal.App.5th at p. 167 & fn. 2.)

## DISPOSITION

The disposition order is affirmed, except that the electronics search condition is stricken. The matter is remanded to the juvenile court to consider whether to impose a revised condition consistent with this opinion.

_____

Richman, Acting P. J.

We concur:

_____

Stewart, J.

_____

Miller, J.

*In re J.C..* (A162845)